WILLIAM L. COTE and Another, Plaintiffs, *v.* KNICKERBOCKER ICE COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 26, 1936.

*Mitchell, Taylor, Capron & Marsh,* for the plaintiffs.

*James A. Hughes* [*Harold V. Angevine* of counsel], for the defendants.

GENUNG, J. In this action for damages for personal injuries, arising out of an automobile accident, a jury has found for the defendants. Plaintiffs now move for a new trial, asserting that the rights of plaintiffs were seriously prejudiced by the trial tactics of defendants' counsel. The specific grievance relates to the use, by defendants' counsel, of a certain written statement admittedly signed by plaintiff William L. Cote. That statement contained an early version of the accident, given to his insurance company at or about the time of the accident. Knowledge of the existence of the statement having come to defendants' counsel, he caused a subpœna *duces tecum* to be served for its production. It appears that the person served with the subpœna handed the file, containing the statement, to the process server, who in turn delivered it to defendants' counsel.

, Defendants' counsel used it in conjunction with his cross-examination of Mr. Cote, without stating or indicating how it had come into his hands. He offered it in evidence, after identifying the signature, again without intimating the source or manner of its production in court. It was received in evidence without objection. It was read to the jury and commented on by defendants' counsel. It was taken into the jury room when the jury retired for its deliberations. It may be assumed that the verdict

of the jury was influenced, to some appreciable extent, by the contents of this exhibit. In the end, the jury found for the defendants.

Plaintiff claims that the statement was privileged. The facts upon which the privilege depends are in sharp dispute. Plaintiff asserts that he now recalls that the statement was delivered to a representative of the legal department of the insurance company which had insured him against claims for damages arising out of automobile accidents. Defendants' trial counsel states that there was nothing on or in the file subpoenaed by him which in any way indicated that it was the file of an attorney, but rather that it appeared to be part of an ordinary investigation file. A representative of the insurance company deposes that the statement in question was " given *to deponent's company* by said William L. Cote in connection with a claim that had been made against said William L. Cote."

If, at the time of the delivery of the statement the relation of attorney and client existed between plaintiff and the person to whom the statement was delivered, the contents of the statement would be inviolate against disclosure. This would be so, even if the attorney received the statement through a clerk or representative. (5 Wigm. Ev. § 2317.) There would be no privilege if the relation between the person delivering the statement and the recipient thereof was that merely of insured and insurer. (See *People ex rel. Mooney* v. *Sheriff of New York County,* 269 N. Y. 291.) Nor would the privilege exist, even if the statement came into the hands of an attorney, if at the time of the delivery of the statement the relation of attorney and client did not exist between the recipient and the plaintiff. (*Rintelen* v. *Schaefer,* 158 App. Div. 477, 484.)

It is unnecessary to pursue the inquiry to a final conclusion, however, in view of the fact that, assuming the existence of the privilege (See *Neugass* v. *Terminal Cab Corp.,* 139 Misc. 699), it was waived by plaintiff's failure to object to the introduction of the statement when it was offered in evidence. (*Parkhurst* v. *Berdell,* 110 N. Y. 386.)

Plaintiff's counsel argues, however, that the waiver was inadvertent and should be held to be ineffectual, because of the alleged concealment of the source from which defendants' counsel had obtained the statement. He argues, moreover, that had defendants' counsel announced that the paper had been subpoenaed from the files of the company which had insured plaintiff, instead of commingling the paper with the papers in the file of the defendants'

counsel, plaintiff would thereby have been prodded into recollection of the circumstances under which the paper had been delivered, and would have promptly objected to the introduction thereof, on the claim of privilege. The court cannot concur in this view. The statement was signed by plaintiff. It was shown to him before it was introduced in evidence, and no objection was made to the introduction thereof. Any conclusion that he would have objected, had he been reminded of the circumstances under which the statement was delivered, must rest upon a premise altogether too speculative for acceptance.

Moreover, it is far from clear that defendants' counsel was under a duty to disclose the fact that the statement had been brought into court by a subpœna *duces tecum*. The function of a subpœna is to secure the attendance of a witness. The function of a subpœna *duces tecum* is to compel the production of documentary evidence. An attorney who has thus compelled the production of papers in court is no more under an obligation to announce that the papers have been produced pursuant to subpœna *duces tecum* than he is to announce that a witness has come to court in response to a simple subpœna. The omission to make such an announcement does not invalidate the subpœna and does not constitute either an abuse of process or a fraud upon the court.

An attorney who uses a subpœna for any purpose other than the legitimate function may be guilty of abuse or misuse of process. But an attorney who issues a subpœna for the legitimate purpose of bringing a witness or a document into court (See *Murdock* v. *McCutchen*, 154 App. Div. 854) cannot be said to have abused or misused the process of the court simply because he fails to state that the witness or paper thus brought into court was brought there under the constraint of a subpœna. An announcement or statement to that effect could not possibly change the character of the evidence or the legal effect thereof.

I conclude, therefore, that the statement was properly received in evidence and that the grounds urged in support of the motion are untenable.

Motion denied. Order filed.