ABE FENER, Plaintiff, *v.* BREWSTER AERONAUTICAL CORPORATION et al., Defendants.

Supreme Court, Special Term, Bronx County, April 16, 1948.

*Olvany, Eisner & Donnelly* for defendants.

*A. H. Fener* for plaintiff.

EDER, J. Motion to vacate plaintiff's notice to produce and exhibit for inspection copies of certain documents, dated March 31, 1948, is denied. The notice was served by plaintiff pursuant to the provisions of section 327 of the Civil Practice Act. It is contended by defendant that the production of the documents here sought has already been passed upon when the plaintiff moved this court for a discovery and inspection, and that by an order of this court dated March 5, 1948, the motion was denied with permission to renew after an examination before trial was had; that such examination has not yet been had; that the service of said notice to produce is merely a circuitous attempt to obtain the relief previously sought and denied.

I see no force to this contention. The matter concerning discovery and inspection was an application under section 324 of the Civil Practice Act for a *general* discovery and inspection; it did not involve section 327 at all; it was not before the court on that motion and was not passed upon. Consequently, the premise of the defendant, as a ground for vacatur of a notice which was served by plaintiff under section 327, is untenable.

Section 327 entitled " Discovery or inspection on notice ", is an entirely different provision and is independent of section 324. Under section 324 application must be made for an order; under section 327, all that is required is merely the service of a notice. Under section 327, a party to an action is entitled at any time, by a notice in writing, to give notice to any other party, in whose *pleadings* or *affidavits* reference is made to any document, to produce such document for the inspection of the party giving such notice, or of his attorney, and to permit him or them to take copies thereof. Such production has nothing to do with an examination before trial (*Wile* v. *Nassau Smelting & Refining Works, Ltd.*, 205 App. Div. 657). The plaintiff's notice under section 327 is therefore proper.

Nor need special circumstances be shown to justify the service of a notice to produce under section 327; there is no such requirement imposed; all that is required is that the documents sought to be inspected by notice be referred to in an affidavit or pleading of a party.

If special circumstances were required to be shown, they are present here for it is apparent that the documents which plaintiff by said notice seeks to inspect are of sufficient evidentiary nature to bar any recovery by plaintiff (*Wile* case, *supra*). Settle order.