Samuel Eabin, J.
This is an action for a declaratory judgment and incidental relief brought by stockholder-tenants in a co-operative housing development against its corporate owner and operator concerning the use and possession of washing machines in plaintiffs ’ apartments.
*974 In connection with a motion for summary judgment made by the defendant and a cross motion for partial summary judgment and a temporary injunction made by the plaintiffs, the defendant submitted an affidavit of a consulting engineer, Mr. Benjamin L. Spivak, which stated, in pertinent part, as follows: ‘1 My study of the plumbing problem was conducted at various times during the interval of approximately one and one-half years. My most recent report was rendered on June 7, 1959.”
The plaintiffs, on February 8,1961, after the afore-mentioned motions had been determined, gave notice to the defendant, pursuant to section 327 of the Civil Practice Act, for a discovery of “1. All reports rendered by * * * benjamin l. spivak to the board of directors of the defendant during the one and one-half years immediately prior to June 7, 1959. 2. A report rendered on June 7, 1959, by benjamin l. spivak to the board of directors of the defendant”, said documents having been referred to in the affidavit of Benjamin L. Spivak, sworn to March 16,1960.
The defendant refused to produce the reports demanded in the afore-mentioned notice and the plaintiff thereupon moved to preclude the defendant from offering any evidence upon the trial of the action as to the contents of these reports. Defendant cross-moved to vacate the notice.
The defendant argues that the notice should be vacated because the reports represent work products in preparation for trial, they are not evidence and they were not specifically referred to in the affidavit.
Mr. Justice Edeb, in Fener v. Brewster Aeronautical Corp. (192 Misc. 290, 292), stated:
“ Section 327 [Civ. Prac. Act] * * * is an entirely different provision and is independent of section 324. * * *
Under section 327, a party to an action is entitled at any time, by a notice in writing, to give notice to any other party, in whose pleadings or affidavits reference is made to any document, to produce such document for the inspection of the party giving such notice * * *.
“ Nor need special circumstances be shown to justify the service of a notice to produce * * * there is no such require-
ment imposed; all that is required is that the document sought to be inspected by notice be referred to in an affidavit or pleading of a party.”
In Schmoll Fils Associated v. Baltic America Line (231 App. Div. 231), the First Department stated at page 233: 11 Where a defendant has referred to and thus relied upon documents in his pleadings and affidavits, his adversary thereby has a right *975 to a discovery and inspection of these documents. * * * Having referred to the documents in his pleadings or affidavits, he can reasonably be required to afford a discovery and inspection, since this is no more than if he had set forth the documents at length in his pleadings or affidavits. ’ ’
In Crowell-Collier Pub. Co. v. Josefowitz (6 A D 2d 1008, 1009) it was held that a discovery under “the section [Civ. Prac. Act, § 327] was meant to apply only to documents specifically mentioned.”
It is apparent, therefore, that an adversary is entitled to the discovery and inspection of any document that is specifically mentioned and relied upon in a party’s pleadings or affidavits. The document need not be evidence. The fact that the documents are work products would not bar discovery. However, in the case at bar, the reports are not work products prepared for or in contemplation of the trial of the action but are reports to the defendant prior to the contemplation of any litigation. The court is of the opinion that the only document ‘1 specifically mentioned” in the affidavit referred to above is the report rendered on June 7, 1959. Accordingly, the motion to vacate is denied as to that report and granted in all other respects.