Frank A. Gulotta, J.
This is an application by the plaintiffs to disclose and discover a statement made by the defendant to his own insurance company prior to the time this lawsuit was instituted.
Different courts seem to have taken diverse views on the subject, some of them prior to the effective date of the CPLR which now in 3101 counsels full disclosure in all matters with only a few specific limitations.
I think it clear that this statement is neither privileged nor does it involve the work product of an attorney, since the basic situation of an insurance company employee taking a statement from an assured lacks the necessary elements of either. Whether it constitutes a writing created for a party in preparation for litigation (d) 2 presents a closer question.
The Appellate Division in Bloom v. New York City Tr. Auth. (20 A D 2d 687), gave a restricted meaning to this exception in connection with internal accident reports made by employees of the Transit Authority, a similar situation to a report made by an individual assured to his own insurance company.
In Babcock v. Jackson (40 Misc 2d 757) Special Term arrived at a similar conclusion with respect to a statement by an individual assured, although in that case there was the added element of an ensuing death by the affiant, thus bringing the case under the exception to the exception set forth in 3101, i.e., a case where the material sought could no longer be duplicated.
My own feeling is that the court should follow the admonition of full disclosure absent a clear-cut statutory direction to do otherwise and we do not have that here. Motion granted.