Bernard S. Meter, J.
In this action to recover for personal injuries, plaintiff moves pursuant to CPLR 3101 for discovery of any statement made prior to the institution of the action by the individual defendant, the operator of a truck belonging to the corporate defendant, to the insurance carrier covering defendants. Defendants admit that such a statement was taken ten days prior to service of summons on the individual defendant, but resist the application on the ground that the statement is work product and further that no special circumstances have been shown.
Prior to the CPLR, it was the rule that, except for documents referred to in pleadings or affidavits (Civ. Prac. Act, § 327; Opoliner v. Queensview Housing Enterprise, 27 Misc 2d 973), documents to be subject to inspection must be evidence themselves (Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735, 737; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29; Annotation, 73 ALR 2d 12, 106), and that may still be the rule (CPLR 3101; cf. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.4). On this basis reports of investigation in preparation for trial were held not discoverable (People ex rel. Lemon v. Supreme Court, supra; Naiman v. Niagara Falls Ins. Co., 283 App. Div. 1016; White v. Sibley, Lindsay & Curr Co., 283 App. Div. 1007; Metropolitan Life Ins. Co. v. Goldberger, 1 A D 2d 823; Friedman v. Metropolitan Life Ins. Co., 1 A D 2d 766; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; Zdonczik v. Pennsylvania & So. *661 Gas Co., 35 Misc 2d 735, affd. 18 A D 2d 749; Fibron Prods. v. Hooker Chem. Corp., 26 Misc 2d 779); including accident statements of an insured to his insurer’s lay representative prior to commencement of litigation (Schulgasser v. Young, 25 Misc 2d 788, app. dsmd. 12 A D 2d 994; Hollien v. Kaye, 194 Misc. 821; see Annotation 22 ALR 2d 659, but cf. Cote v. Knickerbocker Ice Co., 160 Misc. 658). For the same reason, disclosure of an accident report made by an employee to his employer was not required (Falco v. New York, New Haven & Hartford R. R. Co., supra; Ehrlich v. New York Cent. R. R. Co., 251 App. Div. 721; Raleigh v. City of New York, 264 App. Div. 776; Carlson v. Long Is. R. R., 6 A D 2d 821; Briant v. New York City Tr. Auth., 7 A D 2d 756; Ciaffone v. Manhattantown, 20 A D 2d 666*) except when such report might reasonably contain admissions by the employee (Ciaffone v. Manhattantown, 20 A D 2d 641*; Cianci v. Board of Educ., 18 A D 2d 930), and except that, the adoption in 1928 of section 374-a of the Civil Practice Act having made an employee’s accident report prepared in the regular course of business admissible in evidence (see Gutin v. Mascali & Sons, 11 N Y 2d 97), it was held in the Third Department that discovery could be had of an accident report prepared in the regular course of business (De Vito v. New York Cent. R. R. Co., supra; Zdonczik v. Pennsylvania & So. Gas Co., supra; Fibron Prods. v. Hooker Chem. Co., supra; Scheer v. City of Syracuse, 41 Misc 2d 1060).
People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 29, supra) had recognized that “ No precedent can be found even in civil causes for compelling disclosure, in advance of the trial, of the office notes or memoranda prepared by an attorney after consultation with his witnesses ”. Hickman v. Taylor (329 U. S. 495) made clear that such material, the attorney’s work product, is privileged unless good cause be shown for disclosure.
In this setting the Advisory Committee on Practice and Procedure proposed a rule that would have given attorney’s work product and material prepared for litigation privileged status unless the court found that withholding it would result in injustice or undue hardship. The section as finally adopted was changed by deleting the reference to “ information reasonably calculated to lead to relevant evidence ” and to make the work product privilege absolute, but those changes have no *662 bearing on the present discussion. In its First Preliminary Report (N. Y. Legis. Doc., 1957, No. 6[b]), the committee noted (p. 120): “ The rule laid down by the United States Supreme Court in Hickman v. Taylor, 329 U. S. 495 (1947), has been adopted. * * * The advisory committee rejected as impractical the possibility of distinguishing between attorneys regularly retained as investigators of accidents by public utilities and insurance companies and those assigned to particular matters after litigation has begun or been threatened. Presumably, even the lawyer hired for routine investigations will shape his inquiry and report by what he considers to be relevant in view of .some legal theory. For similar reasons, reports prepared by a layman primarily for use by attorneys in litigation are exempt. Whether an internal business report of an accident, for example, is designed for use in litigation or for use by management in disciplining employees, avoiding future accidents, or making required governmental reports may be a close question best left to the courts.” Clear from that statement is the committee’s intent that whether an accident investigation is made before or after litigation is begun or is made by an attorney or a layman, the report of the investigation is qualifiedly privileged from disclosure as materal prepared for litigation, unless prepared primarily as an internal report in the regular course of the party’s business. On the basis of that legislative history, the court concludes that plaintiff is not entitled to discovery of the investigation report of defendant’s insurance carrier unless withholding it will result in injustice or undue hardship. The papers .show that plaintiff was but five years of age at the time of the accident and is unable to recall how it occurred, but set forth no information concerning what, if any, investigation plaintiff has made, whether there are any other witnesses, or whether any effort has been made to examine defendant before trial. The requisite showing has not been made, and the motion must, therefore, be denied.
The court has not overlooked Bloom v. New York City Tr. Auth. (20 A D 2d 687); Babcock v. Jackson (40 Misc 2d 757); or Doughty v. Greenberg, 43 Misc 2d 267). From the memorandum in Bloom, it is not possible to ascertain the circumstances under which the report which the court found ‘ ‘ not made in preparation for trial” was obtained, but since one of the primary purposes of insurance is the defense of litigation, it is difficult to see how an insurance investigator’s report can realistically be considered not‘(.created * * * in preparation for litigation.” With deference, the court disagrees with the interpretation put upon the quoted portion of the First *663 Preliminary Report in Babcock and with the suggestion in Doughty that an internal accident report is to be equated with a report by a defendant to an investigator for his insurance carrier. Though reaching its conclusion by a different line of reasoning, the court concurs in the result reached in Cataldo v. County of Monroe (42 Misc 2d 15, affd. expressly reserving the instant question 20 A D 2d 755). (See, also, Scheer v. City of Syracuse, supra.)
In view of the decisional history outlined at the beginning of this memorandum, the court should perhaps note that the statement of the individual defendant may, if not within the attorney-client privilege or the work product privilege, become discoverable and, under appropriate circumstances, admissible during cross-examination of defendant, on the principle of People v. Rosario (9 N Y 2d 286) and Jencks v. United States (353 U. S. 657) (see Annotation 73 ALR 2d 12, 143, but cf. Schulgasser v. Young, supra). That the statement may become admissible in evidence, while it would have affected the result under the Civil Practice Act, has no bearing on the present determination, based as it is on the legislative intent evidenced by the First Preliminary Report quoted above.

 Though the orders considered in the two Ciaffone appeals were made in September, 1963, it would appear from the memoranda and such of the briefs as are available to the court that the effect of the CPLR on the point under discussion was not presented.