Louis B. Heller, J.
In this action to recover for personal injuries allegedly sustained as a result of defendant’s negligence, the plaintiff moves pursuant to CPLR “ 3106 through 3116 ” for the taking of his deposition to perpetuate his testimony; also for an examination of the defendant before trial and for the production upon said examination of certain specified documents, including a copy of defendant’s signed statement given by him to his insurance company claims adjuster prior to institution of the instant action.
The defendant raises no objection to the proposed taking of plaintiff’s deposition and to the examination of defendant before trial as such. He expresses opposition only to so much of plaintiff’s present motion as seeks disclosure of the aforementioned statement furnished by the defendant to his insurance carrier.
The first point urged by defendant in opposing such disclosure is that production of the statement upon the examination is not necessary since all relevant information can be elicited by the plaintiff through the proposed examination of the defendant. Such ground of objection is lacking in merit, and this view accords with my rejection of a similar objection in Saccone v. Board of Educ. (N. Y. L. J., July 14, 1964, p. 10, col. 1).
The principal objection made to disclosure of the subject statement involves the question of whether such a statement comes within the ambit of CPLR 3101 (subd. [d], par. 2) which, except under circumstances not here presented, exempts from disclosure “ any writing or anything created by or for a party or his agent in preparation for litigation.” This question has given rise to conflicting and irreconcilable judicial decisions and divergent judicial viewpoints. Thus, disclosure was denied in Maiden v. Aid Carpet Serv. (43 Misc 2d 660 [Supreme Ct., Nassau County, Meyer, J.]); cf. Cataldo v. County of Monroe (38 Misc 2d 768, 771). Disclosure was allowed in the following cases: Doughty v. Greenberg (43 Misc 2d 267 [Supreme Ct., Nassau County, Gulotta, J.]); Gerke v. Doherty (N. Y. L. J., Aug. 13, 1964, p. 13, col. 7 [Supreme Ct., Suffolk County, Tasker, J.]); see, also, Babcock v. Jackson (40 Misc 2d 757, 762).
Bearing in mind the underlying policy of the disclosure proceedings, which is to permit maximum disclosure except as *99 limited by statute, I feel that those provisions of CPLR 3101 which spell out the exceptions should be narrowly construed to embrace only what is explicitly and clearly exempted from disclosure. In view of the judicial conflict as to the interpretation of CPLR 3101 (subd. [d], par. 2) and of its applicability to a statement such as is here involved, any doubt upon this score should be resolved in favor of a construction which will be consonant with and promote the general policy of maximum disclosure. I conclude that the statement in question is subject to disclosure.
The plaintiff’s motion is in all respects granted.