Abraham N. Geller, J.
Defendant moves to vacate plaintiffs’ notice for discovery and inspection of defendant’s statements and reports concerning the accident, given to her insurance carrier. Defendant’s position is that, even though these may have been given prior to the institution of suit, they actually are ‘1 material prepared for litigation” and, as such, not obtainable unless the court finds that “ withholding it will result in injustice or undue hardship ” ('CPLR 3101, subd. [d]).
Although this question of discovery of a defendant’s statement to his carrier has not as yet reached the appellate courts, divergent views have been taken by the Appellate Divisions of the First and Second Departments on the question of discovery of reports of an accident made to an employer by its employees prior to the institution of suit. The First Department has held they are proper items for discovery (McGarry v. New York City Tr. Auth., 20 A D 2d 683; Bloom v. New York City Tr. Auth., 20 A D 2d 687). The Second Department has held they are not (Briant v. New York City Tr. Auth., 7 A D 2d 756; Ciaffone v. Manhattantown, 20 A D 2d 666), although indicating in a recent decision that they may be discoverable if additional facts demonstrate that they were made in the regular course of business and are admissible or that they constitute admissions against defendant (Lonigro v. Baltimore & Ohio R. R., N. Y. L. J., Dec. 23, 1964, p. 13, col. 6).
On the question of discoverability of a defendant’s statement to his carrier, conflicting determinations have been made by *1073 Special Terms presided over by different Justices. See, e.g., Maiden v. Aid Carpet Serv. (43 Misc 2d 660 [Nassau County]) denying discovery, absent a showing of special circumstances, and Doughty v. Greenberg (43 Misc 2d 267 [Nassau County]) granting it as a matter of right. See, also, Braxton v. Batey (44 Misc 2d 34 [Queens County]) denying discovery, and Calace v. Battaglia (44 Misc 2d 97 [Kings County]) and Gerke v. Doherty (N. Y. L. J. Aug. 13, 1964, p. 13, col. 7 [Suffolk County]) granting it. In the First Department the decisions have been fairly consistent in allowing discovery (see, e.g., Wolfsthal v. Laborioso (N. Y. L. J., Aug. 19, 1964, p. 9, col. 5 [New York County]); Galvin v. Gove Cab Corp. (N. Y. L. J., Aug. 25, 1964, p. 10, col. 6 [Bronx County]); Cranston v. Hertz Corp. (N. Y. L. J., Oct. 27, 1964, p. 16, col. 3 [New York County]); Zeman v. Capellan, N. Y. L. J., Nov. 9, 1964, p. 17, col. 1 [Bronx County]).
It was hoped that CPLB would eliminate the incongruity of diametrically opposed decisions in different departments which occurred all too frequently under the Civil Practice Act. Since each of these opposed views has been reached after careful analysis of the pertinent CPLB provisions, it is evident that the conflict is the result of a difference in emphasis or choice, which is a matter of policy. Those who favor discovery of such statements or reports emphasize the opening statement of the article on disclosure that “ [t]here shall be full disclosure ” (CPLB 3101, subd. [a]), while those who reject it rely on the language of CPLB 3101 (subd. [d]) and point out that one of the primary purposes of insurance being the defense of litigation, such statements given to the carrier or taken by an adjuster should realistically be regarded as material prepared for litigation. It seems clear that this conflict should be resolved by appropriate amendment.
The trend in this Department, it has been noted, is toward full disclosure of accident reports or statements made prior to the institution of suit. Accident reports given to the New York City Transit Authority by its employees are also primarily for the purpose of defense of anticipated litigation, but were held by our Appellate Division to be proper items for discovery. In the recent case of Rios v. Donovan (21 A D 2d 409 [1st Dept.]), wherein plaintiff sought discovery of all statements obtained from witnesses by defendants or their agents prior to suit, the court denied such relief but without prejudice to the service of an appropriate notice, after using other disclosure procedures, specifying with particularity the matters *1074 sought. While observing that discovery of statements of witnesses was circumscribed by the exceptions in C'PLR 3101 regarding privileged matter and the work product of an attorney, the court set forth this broad rule of interpretation (p. 411): ‘ ‘ The disclosure provisions of article 31 of the CPLR were intended to enlarge the permissible use of pretrial procedure. The purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits ”.
Statements of defendants given prior to suit to their insurance carriers are not necessarily .or exclusively material prepared for litigation. Such statements are forwarded to or obtained by carriers in the regular course of their business promptly after an accident while recollection is still fresh, and as a general rule they do endeavor prior to suit to effectuate adjustments of claims based in great part upon such statements.
Although the question is a close one, as shown by the conflict in decisions, it is deemed more appropriate and in keeping with the broad underlying policy stated in Bios v. Donovan (supra) to hold that disclosure of such statements should, be determined not by the restrictive conditions of CPLR 3101 (subd. [d]) but by the liberal provision of CPLR 3101 (subd. [a]) for full disclosure. Exceptions to a rule which is based upon broad policy considerations should be strictly construed.
However, it is deemed advisable, in protection of defendant’s right to present in context her complete and, if necessary, her corrected version of the accident, to provide that such discovery and inspection shall be had in conjunction with her examination before trial, so that her own attorney will have the opportunity to clear up on cross-examination any ambiguity or inconsistencies between her deposition and her prior statement (CPLR 3113 [subd. (c) ]). Such procedure would then be the equivalent at a pretrial stage of what may occur at a trial and thus “ advance the function of a trial to ascertain truth ” (Rios v. Donovan, supra, p. 411).
The motion to vacate plaintiffs’ notice for discovery and inspection is granted without prejudice to the service of a new notice requiring the production of Such statements for inspection in conjunction with defendant’s examination before trial to be held at that time and place.