MICHAEL W. WELCH, Appellant, *v.* GLOBE INDEMNITY COMPANY, Respondent, et al., Defendants.

Third Department, February 14, 1966.

*Timen & Waters* (*Otis Mark Waters* of counsel), for appellant.

*Bouck & Holloway* (*Francis J. Holloway* of counsel), for respondent.

AULISI, J. This is an appeal from an order of the Supreme Court at Special Term, Ulster County, entered in the office of the Clerk on October 22, 1965 which granted a protective order denying plaintiff's request to examine an insurance adjuster.

Plaintiff's premises were totally destroyed by fire on February 7, 1964 and he commenced a suit on the several fire insurance policies issued on said property by the defendants. Answers were interposed raising the defenses of fraud, false swearing, misrepresentation and concealment on the part of plaintiff. A notice to take the deposition of the defendant Globe Indemnity Company through Vaughn R. Williams was served by the plaintiff together with a notice to produce relevant books and papers. Williams was an insurance adjuster of General Adjustment Bureau, Inc. He had investigated the fire, taken a statement from plaintiff and made a report to 6 of the 11 defendant companies, including Globe. The General Adjustment Bureau, Inc. is a stock company ownership of which is held by numerous insurance companies, including Globe. An adjuster working for the Bureau would make investigations, supply reports and if authorized by the insurance company could attempt adjustment of the claim.

Globe moved for a protective order claiming the General Adjustment Bureau, Inc. was not an agent of Globe, that the matters sought to be discovered were privileged and that these matters were prepared in preparation for litigation. The protective order was granted on the ground that both the records sought and the matters to be examined orally were matters

prepared for litigation and therefore protected under subdivision (d) of CPLR 3101.

The main question before us is whether the reports and investigation of an adjuster for a fire insurance company are such that they are materials created in preparation for litigation and immune from scrutiny or whether they are instead a part of the normal business routine and subject to examination.

It is undisputed that the intent of the CPLR was to greatly liberalize the discovery procedures under the new statute. Although the initial desire to require maximum disclosure of the facts was not realized, it is well settled that the legislative intent envisioned a liberalization and the courts agree that the discovery sections are to be so construed in order to enable a full inquiry into the elements and issues by the litigants and the courts to better serve the interests of truth and justice. (*Kuzmak* v. *Atlantic Cement Co.*, 20 A D 2d 845; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.01–3101.03; McKinney's Cons. Laws of N. Y., Book 7B, CPLR, art. 31, Practice Commentary and Supplementary Practice Commentary.)

The cases relied upon by the trial court to deny disclosure dealt with liability insurance. Mr. Justice BREITEL speaking for the court in *Kandel* v. *Tocher* (22 A D 2d 513, 515–516) stated that a significant fact in that case was the kind of insurance involved — automobile liability insurance — which is in effect litigation insurance. He stated that it was quite a different situation with respect to other insurance and specifically distinguished: '' The kind of investigation, reports and statements involved in the performance of an insurer's responsibility under automobile liability insurance [which] is not to be confused with the investigation, reports, and statements resulting from the regular internal operation of an enterprise. Such material serves many purposes in the conduct of the enterprise, including perhaps eventual use in any litigation which may ensue  *  *  *. The purpose is not limited to, or even predominantly that of, preparing for a litigation risk. On the contrary, the purpose may be to prevent future accidents, discipline careless employees, or, generally, to increase the economy and efficiency of the operation. In that situation the preclusive provisions of the disclosure statutes do not apply.''

As Mr. Justice BREITEL points out citing Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 3, par. 3101.54) and Professor Siegel (McKinney's Cons. Laws of N. Y., Book 7B, CPLR, p. 12 of 1964 cumulative pocket part) there is a distinction between matter prepared as a part of normal business routine and assembled to be transmitted to counsel and that matter which

is specifically prepared for litigation, regardless of the preparer. Therefore, materials prepared in contemplation of litigation by lawyer or nonlawyer are protected together with material prepared by a lawyer for a party in litigation, but reports and statements by employees to their public carrier employer have been held not to be immune (*Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687).

We believe that the above distinctions apply to the circumstances of the instant case. Although some decisions prior to enactment of the CPLR appear contra, there has been a general tendency to allow examination and discovery unless the facts of the situation involved show that the materials in question were prepared specifically in contemplation of litigation (see *Metropolitan Life Ins. Co.* v. *Lane Klinow & Co.*, 23 A D 2d 646; *Babcock* v. *Jackson*, 40 Misc 2d 757; *Raylite Elec. Corp.* v. *New York Fire Ins. Co.*, 46 Misc 2d 361; *Montgomery Ward Co.* v. *City of Lockport*, 44 Misc 2d 923; *Speight* v. *Allen*, 44 Misc 2d 1072). Here, Williams, as an employee of General Adjustment Bureau, Inc., made a routine investigation, took statements and made a report to the defendant company. We believe that this was sufficient to bring him within the broad and liberal provisions of subdivision (a) of CPLR 3101 requiring a " full disclosure " by the " officer, director, member, agent or employee of a party ". Since this is not an action concerning automobile liability insurance and on the record before us there is no specific showing that the matter sought to be examined was prepared for litigation, but rather a lack thereof, the defendant Globe is not entitled to a protective order under subdivision (d) of CPLR 3101. Likewise, absent a showing that they were prepared for litigation, the books and papers requested should be produced as they are not entitled to protection.

The order should be reversed, on the law and the facts.

Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

Order reversed, on the law and the facts, with costs.