JUANITA WARD Y SU ESPOSO HENRY WARD, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado; SUPERMERCADO AMIGO, INC., ET AL., interventores.

*Número*: O-72-332        *Resuelto*: 15 de enero de 1974

*Antonio Aponte Berdecía, Carlos Rodríguez Serra* y *Efraín Aponte Berdecía,* abogados de los peticionarios; *Agrait, Otero & Oliveras,* abogados de los interventores.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

◼ Se dice, quizás con demasiada frecuencia, que el propósito del juicio es la búsqueda de la verdad. Debemos tomar eso con algún cuidado. Los litigantes, con raras excepciones, van a los pleitos con el propósito de vencer. Es a los jueces y a los jurados a los que nos interesa vivamente—o debe interesarnos—la búsqueda de la verdad. Esto es así, primero, por el imperativo categórico moral de que la verdad debe prevalecer y segundo, porque sólo conociendo la verdad de los hechos es que el juzgador está en posición de hacer verdadera justicia.

◼ En el caso de autos la demandante sufrió un accidente. Su representación legal solicitó mediante interrogatorios copia del informe de accidente rendido por la asegurada a la compañía aseguradora. Los demandados objetaron. Argumentan que dicho informe es uno de carácter privilegiado, esto es, secreto. Dicen que ello es así porque se trata de una comunicación entre abogado y cliente. También se argumenta que tal manera de ver el asunto facilita la administración de la justicia. No estamos de acuerdo y pasamos a explicarnos.

◼ Como se sabe, en los pleitos civiles podrá interrogarse sobre cualquier asunto pertinente no privilegiado. Los asuntos o materias privilegiados están taxativamente relacionados en el Art. 40 de la Ley de Evidencia, 32 L.P.R.A. sec. 1734. *Sierra* v. *Tribunal Superior,* 81 D.P.R. 554, 572 (1959).

Dicho Art. 40 contiene cinco incisos. Es cierto que en el segundo de ellos se prohibe, salvo con las excepciones allí mencionadas, que se examine como testigo *a un abogado* con referencia a ninguna comunicación héchale por su cliente. Nótese que los interrogatorios no van dirigidos al abogado, sino al litigante en sí. Quién declara no es el abogado, sino el litigante. Eso excluye esta situación del mencionado inciso segundo. En ninguna parte del Art. 40 se mencionan ni se declaran privilegiadas las comunicaciones entre el asegurado y su aseguradora. Luego, el privilegio que se reclama no está incluído ni autorizado en la ley y, por ser dicho Art. 40 taxativo, no debemos en buen derecho incluírlo nosotros.

Tampoco debemos incluírlo como cuestión de buena política pública. La tendencia moderna es a facilitar el descubrimiento de prueba para poner al juzgador en la mejor posición posible para resolver justamente. Refiriéndose al privilegio aquí reclamado Wigmore señala que el mismo debe aplicarse en la forma más restrictiva posible. Wigmore, *On Evidence*, Vol. 8, ed. rev. (1961), p. 554, sec. 2291, último párrafo. Así lo han expresado los tribunales. Véase, *Atlantic Coast Line Railroad Co.* v. *Daugherty*, 141 S.E.2d 112, 117 (1965) y autoridades allí citadas.

Por ejemplo, y por analogía, en el derecho penal, hace años que expresamos que lo que se intenta en el juicio "es descubrir la verdad para poder hacer verdadera justicia." *Pueblo* v. *Díaz Díaz*, 86 D.P.R. 558, 561 (1962). Allí resolvimos que cuando un testigo renunciado por el fiscal es presentado por la defensa y declara, el acusado tiene derecho a que se le entregue la copia de su anterior declaración jurada. El año anterior, en *Pueblo* v. *Ribas*, 83 D.P.R. 386, 389 (1961), adoptamos la norma que permite a una parte contra la cual declare un testigo en un proceso criminal obtener copia de declaraciones prestadas por dicho testigo, sin necesidad de que previamente se establezcan las bases necesarias de impugnación de su testimonio. En dicho caso expresamos,

a la pág. 389, que allí estaba envuelto "el principio de que sólo se hace justicia cuando se conoce toda la verdad."

Y en *Pueblo* v. *Quiñones Ramos*, 99 D.P.R. 1, 6 (1970), resolvimos que a partir del primero de mayo de dicho año la defensa tiene derecho a inspeccionar las declaraciones juradas en poder del ministerio público de aquellos testigos de cargo que son renunciados por el fiscal por constituir prueba acumulativa. Con ese motivo allí revocamos, a renglón seguido, el caso de *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962), en el cual habíamos resuelto que un acusado no tenía derecho a obtener copias de las declaraciones juradas de testigos de cargo que obran en el expediente del fiscal y que no han declarado y los cuales el fiscal puso a disposición de la defensa.

Desde luego, sabemos que las normas de procedimiento del derecho penal y del derecho civil no siempre son idénticas, pero sí es idéntico en ambos campos—en el penal y en el civil —el objetivo de buscar la verdad de los hechos para hacer verdadera justicia. No hay ninguna razón para querer que los hechos se conozcan plenamente por el juzgador en los casos criminales pero no en los casos civiles.

Regresando a la situación de autos, no vemos cómo pueda ayudar a la administración de la justicia declarar secreto un documento (el informe del asegurado) escrito coetáneamente con los hechos del caso, cuando éstos están frescos en su mente y cuyo documento tiene más probabilidades de ser sincero que uno preparado meses después con el objeto de litigar. Más bien parece que lo que ayudaría a la administración de la justicia es todo lo contrario: que el juzgador de los hechos lo conozca y lo evalúe.

Sabemos que hay casos de otras jurisdicciones en los cuales se ha resuelto como los interventores aquí pretenden. También en otras jurisdicciones se habían resuelto casos contrarios a las decisiones nuestras antes mencionadas sobre derecho penal y eso no fue óbice para que resolviésemos como lo creímos prudente hacer. Como hemos expresado antes, "este

Tribunal está en posición de adoptar aquella interpretación que entienda que es más justa y razonable" y conforme a derecho, *Pueblo* v. *Matos*, 83 D.P.R. 335, 341 (1961), un caso en el cual la cuestión giraba también sobre el citado Art. 40 de la Ley de Evidencia.

A riesgo de incurrir en la práctica que con mucha elegancia y fineza nos señala Don José Puig Brutau, en el sentido de que este Tribunal luego de resolver satisfactoriamente sobre bases de nuestro derecho civil con frecuencia añadimos material del derecho común anglosajón, [1] podemos expresar que en diversas jurisdicciones de los Estados Unidos se ha resuelto este punto esencialmente en la misma forma que aquí lo resolvemos. Así por ejemplo, en *Jacobi* v. *Podevels*, 127 N.W.2d 73 (1964), se dice a la pág. 76, que cuando el asegurado hace un informe para la compañía aseguradora sobre un accidente ocurrídole lo hace cumpliendo con su deber de informar a la aseguradora de los hechos y las circunstancias del accidente. Allí se añade que no es correcto sostener que la comunicación del asegurado con la aseguradora es lo mismo que la comunicación de un cliente con su abogado. Se resolvió que el informe rendido por el asegurado a través del ajustador de la compañía aseguradora no es una comunicación privilegiada. En el mismo sentido véase, *Alseike* v. *Miller*, 412 P.2d 1007 (1966); *Atlantic Coast Line Railroad Co.* v. *Daugherty*, 141 S.E.2d 112 (1965); *State Farm Ins. Co.* v. *Roberts*, 398 P.2d 671 (1965); *Colpak* v. *Hetterick*, 40 F.Supp. 350 (1941); *Speight* v. *Allen*, 255 N.Y.S.2d 918 (1965); *Calace* v. *Battaglia*, 252 N.Y.S.2d 973 (1964). También véase, Peterson, *Discovery-Attorney-Client Privilege— Statements by Client to Insurer Before Attorney Employed*, 48 Mich. L. Rev. 364 (1950).

---

[1] *La Acción Recíproca del Derecho Español y del Derecho Norteamericano en Puerto Rico*, 44 Revista de Derecho Puertorriqueño, pág. 499 (1972).

■ También se ha resuelto que declaraciones de testigos, informes, memorandos y otros escritos tomados por o que estén en la custodia de la compañía aseguradora están sujetos al descubrimiento. 7 *Cyclopedia of Federal Procedure*, 3ra. ed., (1971), sec. 25.494, pág. 428.

Por lo anterior resolvemos que *debe expedirse el auto solicitado y dejarse sin efecto la determinación del Juez de instancia que sostuvo la objeción al interrogatorio.*

El Señor Juez Presidente disintió y expresó que luego radicará su disenso. El Juez ponente se reserva el derecho de replicar si lo cree necesario. El Juez Asociado Señor Dávila concurrió con el resultado. El Juez Asociado Señor Díaz Cruz, quien votó a favor de la opinión mayoritaria, también emitió opinión concurrente.

—O—

Opinión concurrente del Juez Asociado Señor Díaz Cruz con la cual concurren los Jueces Asociados Señores Rigau, Cadilla Ginorio e Irizarry Yunqué

San Juan, Puerto Rico, a 15 de enero de 1974

Concurro con la razón de decidir del Juez Rigau en cuanto sujeta el informe de accidente del asegurado a su compañía aseguradora a los medios de descubrimiento de prueba, negándole, por tanto, carácter privilegiado, sin que influya en la norma preconizada que el informe se haga directamente a la aseguradora o se entregue a una tercera persona que puede ser el ajustador de seguros. Aparte de la razón básica de que dicho informe de accidente, por contener una narración de hechos recientes investida de la usual espontaneidad y franqueza del primer relato, es pieza de incuestionable mérito para establecer la verdad en sala de justicia, hay adicionales razones que excluyen dicho informe del privilegio de abogado y cliente invocado, a saber: el informe de accidente se rinde en cumplimiento de una obligación contractual impuesta al ase-

gurado en la póliza; al tiempo de hacerse el informe no hay modo de determinar, sin caer en especulación si el caso será llevado a pleito; bajo determinadas circunstancias la aseguradora puede usar el informe contra su asegurado (para negar cubierta por exclusión de riesgo o incumplimiento de contrato; al rehusar defenderlo, etc.), situación que no se produce en la relación abogado-cliente; y finalmente porque siendo las comunicaciones privilegiadas excepción al descubrimiento de prueba, su clase debe estar limitada por una interpretación restrictiva.

—O—

Voto disidente del Juez Presidente, Señor Pedro Pérez Pimentel

San Juan, Puerto Rico, a 25 de enero de 1974

La opinión de la mayoría resuelve que el informe que rinde un asegurado a su compañía de seguros sobre la ocurrencia de un accidente, no es de carácter privilegiado y que por tanto está sujeto a las reglas de descubrimiento de pruebas. Ello implica necesariamente que dicho informe, de no haber otras objeciones legales que no sean las del privilegio entre abogado y cliente, puede ser ofrecido y admitido en evidencia.

Las Reglas de Procedimiento Civil han excluido del descubrimiento de prueba, materias privilegiadas. Véanse Reglas 23.2, 30 y 31.1.

Sabemos que la Ley de Evidencia es la fuente de las comunicaciones privilegiadas, entre las que se encuentra la de abogado y cliente. Art. 40 (32 L.P.R.A. sec. 1734, inciso 2).

Nuestra Ley de Evidencia proviene del Estado de California. El citado Art. 40 corresponde al 1881 del Código de Enjuiciamiento Civil de California. En ese Estado se ha resuelto consistentemente que las comunicaciones e informes hechos por un asegurado a su compañía aseguradora relacio-

nados con una posible reclamación contra el asegurado cubierto por la póliza es una comunicación privilegiada bajo el privilegio de abogado y cliente: *New York Casualty Co.* v. *Superior Court,* 30 Cal. App.2d 130 (1938); *Heffron* v. *Los Angeles Transit,* 339 P.2d 567 (Cal. App.) (1959); *Safeway Stores* v. *Superior Court,* 14 Cal. Rptr. 243 (1961); *Gene Campto Corp.* v. *Superior Court,* 23 Cal. Rptr. 250 (1962); *Atlas Heating* v. *Superior Court,* 25 Cal. Rptr. 532 (1962). En muchos Estados se ha seguido la misma doctrina: *People* v. *Ryan,* 197 N.E.2d 15, Illinois (1964); *Dobbins* v. *Gardner,* 377 S.W.2d 665, Texas (1964); *Vann* v. *State,* 85 So.2d 133, Florida (1956); *In re Klemann,* 5 N.E.2d 492, Ohio (1936); *Phillips* v. *Delaware Power and Light Co.,* 194 A.2d 690, Delaware; *Farm Bureau Mat., Ins. Co.* v. *Anderson,* 360 S.W.2d 314, Missouri; *Puckett* v. *Broome,* 385 S.W.2d 762, Tennessee, aunque en algunos se ha sostenido lo contrario: *Alseike* v. *Miller,* 412 P.2d 1007, Kansas; *State Farm Ins. Co.* v. *Robert,* 398 P.2d 671, Arizona; *Atlantic Coast Line Railroad Co.* v. *Daugherty,* 141 S.E.2d 112, Georgia; *Speight* v. *Allen,* 255 N.Y.S.2d 918, New York.

En el pasado este Tribunal ha acudido a la jurisprudencia de California, al interpretar nuestra Ley de Evidencia. Véanse *Pueblo* v. *Matos,* 83 D.P.R. 335 (1961); *Lugo Ortiz* v. *Ferrer,* 85 D.P.R. 862 (1962).

No quiero decir que el Tribunal venga obligado por la jurisprudencia de California y la de los otros Estados que la siguieron. Puede adoptar aquella regla que considere más justa y razonable.

En la opinión mayoritaria se sostiene, a mi juicio errónea-mente, que como el interrogatorio va dirigido al litigante y no al abogado, la comunicación entre ellos está excluida del Art. 40 de la Ley de Evidencia.

La novedosa tesis sustentada por la mayoría, es al efecto de que si bien la ley prohibe que se examine a un abogado sin el consentimiento de su cliente con referencia a cualquier

comunicación hecha por éste a aquel, el cliente sí puede ser examinado en relación con dicha comunicación. Claro está, el mismo principio se aplicaría cuando se trata de marido y mujer, el sacerdote, el médico, etc.

Parece olvidarse que el privilegio se concede a la comunicación en sí y que ésta sólo puede usarse como evidencia o ser objeto de descubrimiento de prueba en los casos excepcionales que señala la ley y la jurisprudencia.

Una simple lectura del Art. 41 de la Ley de Evidencia (32 L.P.R.A. sec. 1735) confirma nuestra precedente aseveración.

Dispone dicho Art. 41:

"El consentimiento para que se dé el testimonio en los casos citados en la sec. 1734 de este título, queda implícitamente entendido en los mencionados a continuación.

1. Cuando la persona que hubiere dicho la comunicación mencionada en dicha sección, *testificare, sin oponer objeción,* acerca de dicha comunicación o parte de la misma, la persona a quien se hubiere hecho, podría ser examinada extensamente, en la misma causa o procedimiento con referencia a dicha comunicación.

2. . . . ." (Énfasis suplido.)

Es obvio que siendo privilegiada la comunicación, la misma no puede presentarse en evidencia, ni a través de la persona a quien se hizo ni a través de la persona que la hizo, a no ser cuando medien las circunstancias señaladas en el susodicho Art. 41, u otras circunstancias señaladas por la jurisprudencia, como cuando la comunicación se hace en presencia de un tercero que no sea el secretario, taquígrafo o asistente del abogado. *Lugo Ortiz* v. *Ferrer,* 85 D.P.R. 862, 871 (1962).

Sabemos, porque así lo ha expresado antes este Tribunal en el caso de *Lugo Ortiz,* supra, que los estatutos que protegen las comunicaciones privilegiadas entre abogado y cliente tienen por objeto fundamental fomentar la relación de confianza entre ambos, propiciándose así que el cliente haga un recuento fiel y exacto de los hechos cuando requiere consejo

legal ya que cuando esta relación es completa existe la probabilidad de desalentar los litigios carentes de méritos en cuanto a sus resultados. También hemos dicho que frente a esta política pública de evitar pleitos innecesarios, se encuentra otro valor social digno de igual protección, cual es la necesidad de que ante el juzgador se presenten todos los hechos pertinentes que conduzcan a ayudarle a formar un juicio ponderando todos los elementos de prueba disponibles. Sin embargo, nunca hemos dejado de darle efectividad al estatuto que protege las comunicaciones privilegiadas. Sí hemos dicho que la prueba sobre estas comunicaciones debe admitirse a menos que esté claramente comprendida dentro de la exclusión del estatuto.

De los propios récords de este Tribunal podemos tomar conocimiento de que en la generalidad de los casos, los abogados de las compañías aseguradoras, son los que asumen la representación legal del asegurado. Los informes que rinden los asegurados a su compañía aseguradora a virtud de una cláusula contractual, tienen el mismo propósito fundamental que las comunicaciones o informes que hace un cliente a su abogado. Nunca hemos resuelto que estas comunicaciones (abogado y cliente) no gocen del privilegio estatutario, a menos que concurran las circunstancias que ya hemos señalado.

El resultado práctico de la opinión mayoritaria es el de que mientras las comunicaciones e informes de un cliente a su abogado particular se consideran privilegiadas, los del asegurado a su compañía aseguradora que le provee abogado, no gozan del privilegio.

En muchas ocasiones la cuantía de la indemnización concedida a un reclamante excede por mucho el límite de la cubierta de la póliza y en esos casos el asegurado es responsable personalmente por el exceso concedido. Representado este asegurado por el abogado de la aseguradora, sus informes a dicho abogado a través de la compañía, no se consideran, con-

forme a lo que el Tribunal resuelve, comunicaciones privilegiadas.

En verdad no encontramos una base racional para hacer esta distinción.

No sabemos cual será el impacto de esta decisión de la mayoría en las relaciones entre las compañías de seguros y los asegurados, y si la misma ha de desalentar la obtención de pólizas por la ciudadanía.

Porque considero que la decisión mayoritaria no es la más razonable y justa, disiento.