Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| CARMEN ANA COLLAZO SÁNCHEZ<br><br>Demandante-Recurrida<br><br>v.<br><br>GILBERTO MAISONAVE ARCE<br><br>Demandada-Recurrida<br><br>JESSICA MAISONAVE BARCELÓ<br><br>Peticionaria | KLCE202400399 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2022CV03903 (505)<br><br>Sobre: LIQUIDACIÓN DE COMUNIDAD DE BIENES |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de mayo de 2024.

El 8 de abril del año en curso, la señora Jessica Maisonave Barceló compareció ante este tribunal mediante recurso de certiorari. En el mismo nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia el 26 de marzo de 2024.

Los hechos que anteceden a este recurso son los siguientes.

**I**

El 22 de diciembre de 2023, el Tribunal de Primera Instancia (TPI) emitió una orden para la toma de deposición *duces tecum* a la señora Jessica Maisonave Barceló, en adelante la peticionaria o Maisonave Barceló, mediante videoconferencia. Esta es la hija de una de las partes en el presente litigio y se requirió su testimonio mediante deposición para el 12 de febrero de 2024, por haber activos y pasivos de la comunidad de bienes, entre las partes a su nombre.

El 10 de febrero de 2024, la peticionaria, sin someterse a la jurisdicción, cuestionó la autoridad del foro judicial para obligarla a someterse a una deposición mediante métodos electrónicos, toda vez que residía en Florida, Estados Unidos. Arguyó que dicho trámite no cumplía con el debido proceso

Número Identificador

RES2024_____

de ley, por no haberse realizado a través de una comisión o suplicatoria dirigida a la autoridad judicial competente de Florida.

En apoyo a su reclamo alegó ser doctora, residente de Florida y no tener contactos mínimos en Puerto Rico, por lo que su posición es que el TPI carecía de jurisdicción sobre su persona, por no haber cumplido con los requisitos de la Regla 40.6 de las de Procedimiento Civil, 32 LPRA Ap. V. Por los fundamentos antes reseñados sostuvo que el TPI debía declarar inválida la orden, por lo cual no venía obligada a prestar declaración ni a producir documentos ante la parte demandante el 12 de febrero de 2024.

Por su parte, la parte demandante, señora Carmen Ana Collazo Sánchez, puntualizó que la peticionaria había admitido en su escrito que se le había diligenciado la orden del tribunal. Expuso que esta había desacatado varias órdenes del tribunal exigiendo su testimonio mediante videoconferencia en una deposición. En la alternativa, alegó que la peticionaria se sometió voluntariamente a la jurisdicción al comparecer mediante representación legal a solicitar remedios a este Tribunal. Arguyó que lo anterior era otra táctica dilatoria y de obstrucción por parte del demandado para evitar que surja la verdad en torno al fraude que cometió contra la sociedad legal de gananciales, para el que utilizó a su hija, la señora Jessica Maisonave.

Finalmente, el 22 de febrero de 2024, el TPI concluyó que, al comparecer a solicitar remedios al Tribunal, la peticionaria se sometió a la jurisdicción del foro, por lo que ordenó a su representante legal a coordinar la deposición.

El 8 de marzo de 2024, la parte demandada, padre de la peticionaria, solicitó permiso para enmendar las alegaciones de la Reconvención presentada por este, a los efectos de eliminar dos pagarés hipotecarios que había incluido como deudas de la sociedad. Cabe resaltar que la deposición que se interesa tomar a la peticionaria está relacionada, entre otras, a dichos pagarés.

El 10 de marzo de 2024, la peticionaria, nuevamente sin someterse a la jurisdicción del tribunal, insistió en la improcedencia de la deposición por falta de jurisdicción sobre su persona, basándose en los mismos argumentos ya señalados. Pero, además, advirtió que los pagarés sobre los cuales su padre solicitaba un crédito en la liquidación de la comunidad había una petición de enmienda de reconvención para eliminar los mismos, por lo que su testimonio ya no era pertinente.

Por su parte, la demandante puntualizó en oposición que la reclamación del demandado en su Reconvención no era de un "crédito" relacionado a los dos pagarés suscritos por las partes a favor de la señora Maisonave. Sino que se trataba de un intento por incluir una deuda relacionada con los dos pagarés como una obligación de la sociedad legal de gananciales. Para la demandante era una demostración de la colisión o confabulación entre la peticionaria y su padre, para continuar y perpetuar conducta constitutiva de fraude iniciada en el 2016 con la compra de dos apartamentos en Fajardo a nombre de la peticionaria, con fondos gananciales de las partes, continuada con la otorgación de los pagarés en el año 2018, por lo que la deposición era pertinente. Insistía que al defenderse se había sometido a la jurisdicción.

Así las cosas, el 26 de marzo de 2024, el TPI rechazó la reconsideración presentada por la peticionaria. El 3 de abril de 2024, la peticionaria presentó una *Solicitud urgente de orden protectora & para dejar sin efecto órdenes de toma de deposición.* En la misma reitera, sin reserva de jurisdicción, los planteamientos anteriormente esbozados. Ese mismo día, el foro recurrido dispuso:

> No Ha Lugar. Cumpla la señora Jessica Maisonave con la Orden de 22 de febrero de 2024 y previo a que la Lcda. Ilyana Blanco comience a disfrutar su periodo de vacaciones, coordine la fecha para la toma de su deposición con los abogados de las partes. Se dispone que la fecha coordinada no deberá exceder el término dispuesto para la conclusión del descubrimiento de prueba en el caso. La deposición será por videoconferencia y la deponente tendrá la opción, si es su deseo, de contratar otra representación legal.

Aun inconforme, la peticionaria compareció ante este foro y señaló dos errores alegadamente cometidos por el TPI, estos son:

1) Erró el Tribunal de Primera Instancia al resolver que la peticionaria se sometió voluntariamente a la jurisdicción del Tribunal al comparecer a solicitar remedios dándole paso a una deposición que no fue gestionada conforme a la Regla 40.6 de las Reglas de Procedimiento Civil de Puerto Rico.

2) Erró el Tribunal de Primera Instancia al no conceder a la Peticionaria una orden protectora dentro del proceso de descubrimiento de prueba.

En cuanto al primer error, en esencia sostiene que, cuando se interesa deponer un testigo que se encuentra fuera de Puerto Rico se requiere que se cite conforme la Regla 40.6 de Procedimiento Civil, *supra,* y que es un asunto atado al debido proceso de ley. Puntualiza que, en ningún lugar se evidencia que la citación a la peticionaria se llevó a cabo conforme al procedimiento dispuesto por la Regla 40.6 de las de Procedimiento Civil mediante carta rogatoria.

Sobre la sumisión voluntaria, adujo que la norma requiere que la parte que se somete voluntariamente a la autoridad del Tribunal lo haga mediante gestiones que procuran exponer su posición en cuanto al pleito y que propicien su tramitación. Entonces distingue que cuestionar la falta de jurisdicción del Tribunal no es un acto voluntario sometiéndose a la autoridad del Tribunal, sino, por el contrario, es un acto inequívoco para reclamar a un Tribunal que no tiene capacidad sobre la persona y por ende carece de poder para ordenarle o decidir sobre él. Recalca que siempre presentó sus escritos sin someterse a la jurisdicción, pues eso mismo cuestionaba.

En cuanto al segundo error, expone la peticionaria que el único fin de la deposición es que testifique sobre el carácter de un padre dentro de un pleito altamente reñido y en el que la peticionaria no es parte. Concluye que no le toca a una hija tener que someterse a un descubrimiento de prueba en el que lo único que la demandante pretende descubrir, evidentemente, son elementos para impugnar el carácter y la credibilidad de un padre. Esto

porque ya los pagarés objeto de descubrimiento no son un hecho en controversia ante la enmienda a la reconvención.

**II**

**A.**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA § 3491; *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeil Healthcare v. Mun. Las Piedras*, 206 DPR 391, 403 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sin enajenarnos del Derecho. Se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR*, supra, pág. 338; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, págs. 334–335.

Como cuestión de umbral, ante todo recurso de certiorari, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que, el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado el análisis de la Regla 52.1, *supra*, y concluyendo que estamos autorizados a intervenir conforme a la regla aludida, nuestro estudio conlleva un segundo examen previo al ejercicio de nuestra discreción. Nos referimos a evaluación de los criterios mencionados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Esta dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León v. AIG*, 205 DPR 163, 175-176 (2020); *IG Builders et al. v. BBVAPR*, supra, pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los numerosos actos procesales que finalmente han de culminar en una

sentencia final, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

**B.**

La tendencia moderna en el ámbito del procedimiento civil es facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente. *E.L.A. v. Casta*, 162 DPR 1, 9 (2004); *Ward v. Tribunal Superior*, 101 DPR 865, 867 (1974).

Los foros apelativos no intervendremos con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Ahora bien, el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Rivera y Otros v. Bco. Popular*, supra, pág. 155; *Pueblo v. Dávila Delgado*, 143 DPR 157, 171 esc. 15 (1997); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

**III**

Hemos evaluado la orden cuestionada a la luz de los contornos de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Concluimos que no existe razón alguna conforme las disposiciones y los criterios antes aludidos para intervenir con la determinación discrecional en el ejercicio de su facultad del foro recurrido por lo que denegamos el recurso.

En síntesis, la deposición ordenada por el tribunal responde a un ejercicio de descubrimiento de prueba estrechamente relacionado a las cargas de la comunidad de bienes. Es parte de los trámites rutinarios del descubrimiento de prueba. Los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, conforme su obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas

para ninguna de las partes. *Izquierdo II v. Cruz y otros*, 2024 TSPR 20, 213 DPR ___ (2024); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496-496 (2022); *Rivera y Otros v. Bco. Popular*, supra, pág. 154.

**IV**

Por lo antes expuesto, denegamos la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones