Ramírez Nazario, Juez Ponente
*1191 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparecen ante nos mediante recurso de certiorari, el señor Pedro L. Molina y la señora Magaly Rabell, h/n/c Terramar Real Estate (en adelante, los peticionarios) en solicitud de revisión de dos Órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante TPI), la primera de las cuales fue emitida el 21 de noviembre de 2007 y notificada el 4 de diciembre de 2007, y la segunda de ellas emitida el 6 de diciembre de 2007 y notificada el 13 de diciembre de 2007. Mediante la primera orden recurrida, el foro a quo declaró no ha lugar una moción de los peticionarios para que se dieran por admitidos los requerimientos de admisiones que le fueron sometidos a una de las codemandadas, a pesar de que fueron contestados tardíamente. Mediante la segunda de éstas, el foro recurrido dio por terminado el descubrimiento de prueba. Los peticionarios nos solicitan que revoquemos ambas órdenes recurridas, de manera que se den por admitidos los mencionados requerimientos de admisiones y, además, que se le permita deponer a la codemandada Nancy Hernández.
Por los fundamentos que exponemos a continuación, expedimos el auto de certiorari solicitado, confirmamos la orden emitida el 21 de noviembre de 2007 y revocamos la orden emitida el 6 de diciembre de 2007.
I
Los hechos procesales que dieron lugar al recurso que hoy nos ocupa, en síntesis y en lo pertinente, son los siguientes. Los peticionarios presentaron una demanda de cobro de dinero e interferencia torticera el 12 de abril de 2006 ante el TPI, Sala Superior de San Juan, contra Nancy Hernández y/o Ocean Bay Properties, Rafael Moret Guevara y R-G Premier Bank. En dicha demanda, los peticionarios alegaron que entre ellos y los codemandados Nancy Hernández y/o Ocean Bay Properties existía una relación contractual de corretaje neto sobre una propiedad inmueble localizada en San Juan. Adujeron que dichos codemandados le adeudaban la *1192 cantidad de $150,000.00 por concepto de comisión de corretaje, luego de que el inmueble fuera comprado por Rafael Moret Guevara. Los peticionarios alegaron que Moret Guevara y R-G Premier Bank también le eran responsables por dicha cantidad, toda vez que éstos alegadamente interfirieron torticeramente con la relación contractual de corretaje para evitar que los peticionarios cobraran su comisión. La demanda fue posteriormente enmendada por los peticionarios el 26 de julio de 2006; éstos reclamaron el pago de la suma de $310,000.00. Todos los codemandados contestaron oportunamente la demanda enmendada, con excepción de Moret Guevara, quien compareció al pleito luego de que se le anotara la rebeldía. A solicitud de dicha parte, el TPI dejó sin efecto la rebeldía y ésta presentó su contestación a la demanda enmendada.
Entretanto, el 2 de junio de 2006, los peticionarios sometieron un requerimiento de admisiones a la codemandada R-G Premier Bank (en adelante R-G). Esta última remitió su contestación a dicho requerimiento el 6 de julio de 2006.
El 11 de diciembre de 2006, los peticionarios notificaron un Aviso de Toma de Deposición a Nancy Hernández. Mediante una moción presentada ante el TPI el 18-de diciembre de 2006, la representación legal de dicha codemandada se opuso a que se tomara la referida deposición en la fecha indicada por los peticionarios, ello debido a un supuesto señalamiento judicial conflictivo.
El 9 de mayo de 2007, R-G presentó una demanda de co-parte contra Ocean Bay Properties y Nancy Hernández. Estas contestaron la demanda de co-parte y, a su vez, instaron demanda de co-parte contra R-G el 22 de mayo de 2007.
El 24 de mayo de 2007, los peticionarios presentaron Moción solicitando orden para tomar deposición, a los fines de que el TPI ordenara a la codemandada Nancy Hernández indicar fechas en que podría ser depuesta. Mediante moción presentada el 4 de junio de 2007, Ocean Bay Properties y Nancy Hernández se opusieron a la solicitud de orden para toma de deposición, aduciendo que de otras deposiciones tomadas se desprende que no existe responsabilidad de Nancy Hernández en su carácter personal sobre los hechos alegados en la demanda. Los peticionarios presentaron una réplica a dicha oposición el 7 de junio de 2007. Más adelante, el 1 de agosto de 2007, los peticionarios solicitaron al TPI que resolviera con carácter de urgencia dicha controversia sobre la toma de deposición.
Mediante una orden emitida el 17 de agosto de 2007 y notificada el 14 de septiembre de 2007, el TPI señaló conferencia con antelación al juicio para el 17 de enero de 2008 y dispuso, además, que en caso de controversia entre las partes en cuanto al descubrimiento de prueba, éstas deberían presentar una moción conjunta para argumentar separadamente las controversias y que ello debería ocurrir solamente luego de que éstas agotaran esfuerzos oportunos para superar, por sí, tales controversias.
Con fecha de 20 de septiembre de 2007, los peticionarios presentaron una moción de sentencia sumaria en la que, además de solicitar que se dictara sentencia a su favor, solicitaron al TPI que diera por admitido el requerimiento de admisiones que le notificaran a R-G, el 2 de junio de 2006, por no haberse contestado dentro del término provisto para ello en las Reglas de Procedimiento Civil, vigentes. Los peticionarios alegaron que dicho requerimiento fue contestado por R-G el 6 de julio de 2006 y argüyeron que, no habiendo ésta solicitado prórroga para contestar, el mismo se dio por admitido automáticamente el 22 de junio de 2006.
La codemandada R-G presentó, el 1 de octubre de 2007, un escrito titulado Oposición a que se de por admitido requerimiento de admisiones sometido a RG y oposición a moción para que se dicte sentencia sumaria. En el mismo, R-G sostuvo que dicho requerimiento de admisiones había sido contestado el 6 de julio de 2006 y que los peticionarios, luego de recibir dicha contestación, no presentaron objeción u oposición a la .misma. Además, la codemandada indicó que durante una deposición tomada a los oficiales de R-G el 4 de mayo de 2007, los peticionarios interrogaron activamente a dichos oficiales' utilizando la contestación a los *1193 requerimientos y en ningún momento consignaron o expresaron objeción a la misma por haberse contestado tardíamente.
Por su parte, el 10 de octubre de 2007, las codemandadas Ocean Bay Properties y Nancy Plernández presentaron un escrito de oposición a la solicitud de sentencia sumaria de los peticionarios. El 22 y 23 de octubre de 2007, los peticionarios replicaron a las mociones de oposición de R-G y de Ocean Bay Properties y Nancy Hernández, respectivamente.
El 21 de noviembre de 2007, los peticionarios presentaron una moción en la que adujeron que la representación legal de la codemandada Nancy Hernández no había comparecido a las reuniones entre abogados según ello fuera ordenado por el TPI. Sostuvieron, además, que la representación legal de Nancy Hernández les informó, un día antes de la última fecha pactada para la toma de deposición, que la deponente no podría estar presente, ya que se encontraría fuera de Puerto Rico. Ante esto, los peticionarios solicitaron la eliminación de las alegaciones de dicha codemandada y la imposición de sanciones.
Así las cosas, el 21 de noviembre de 2007, notificada el 4 de diciembre de 2007, el TPI emitió una orden en la que dispuso lo siguiente:
“ANTE EL RECONOCIMIENTO QUE HACE LA PARTE DEMANDANTE EN OTRO LADO DE HABER RECIBIDO LA CONTESTACIÓN A REQUERIMIENTO DE ADMISIONES, SE DECLARA NO HA LUGAR SU SOLICITUD PARA QUE SE DEN POR ADMITIDOS, EMPECE SU NOTIFICACIÓN TARDÍA. ”
Posteriormente, el 6 de diciembre de 2007, notificada el 13 de diciembre de 2007, el TPI emitió la siguiente orden:

“NADA QUE PROVEER. SE SOSTIENE LA CONFERENCIA CON ANTELACIÓN AL JUICIO DE 17 DE ENERO DE 2008 DÁNDOSE POR TERMINADO EL DESCUBRIMIENTO. ”

II
Insatisfechos con las anteriores determinaciones, los peticionarios acuden ante este Tribunal mediante el recurso de epígrafe, presentado el 27 de diciembre de 2007. En el mismo, los peticionarios aducen que el TPI cometió los siguientes errores:

“ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL PERMITIR CONTESTACIONES A REQUERIMIENTO DE ADMISIONES CONTESTADOS FUERA DEL TÉRMINO LEGAL (MÁS DE 8 MESES TARDE) SIN QUE SIQUIERA SE HUBIESE SOLICITADO POR LOS DEMANDADOS-RECURRIDOS, NANCY HERNÁNDEZ Y/O OCEAN BAY PROPERTIES Y R-G PREMIER BANK, Y SIN EXPONER EXCUSA ALGUNA.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL NO PERMITIRLE A LA PARTE RECURRENTE HACER CIERTO DESCUBRIMIENTO DE PRUEBA (TOMAR DEPOSICIÓN A LA PARTE CO-DEMANDADA-RECURRIDA, SRA. NANCY HERNÁNDEZ) AL AMPARO DE LAS REGLAS DE PROCEDIMIENTO CIVIL Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY. ”
Posteriormente,'el 11 de enero de 2008, los peticionarios presentaron ante nos una moción en auxilio de nuestra jurisdicción. Mediante Resolución que emitiéramos el 16 de enero de 2008, declaramos no ha lugar la moción en auxilio de jurisdicción presentada por los peticionarios y, además, concedimos a los recurridos un término de treinta (30) días para reaccionar a la petición de certiorari. La recurrida R-G Premier Bank compareció ante nos mediante un escrito de oposición a certiorari, presentado el 15 de febrero de 2008. A la fecha de hoy, los demás recurridos no han comparecido. Estando en posición de resolver, procedemos a así *1194 hacerlo.
III
La tendencia moderna en el ámbito de procedimiento civil es a facilitar el descubrimiento de prueba, con el propósito de que se coloque al juzgador en la mejor posición posible para resolver de forma justa. E.L.A. v. Casta Developers, S.E., 162 D.P.R. 1 (2004); Ward v. Tribunal Superior, 101 D.P.R. 865, 867 (1974). En nuestro sistema judicial impera un descubrimiento de prueba extrajudicial que fomenta la mayor flexibilidad y cooperación entre las partes. Alfonso Brú v. Trane Export, Inc., 155 D.P.R. 158, 167 (2001); Medina v. M.S. & D. Química P.R. Inc., 135 D.P.R. 716, 728 (1994); Aponte v. Sears Roebuck de P.R., Inc., 129 D.P.R. 1042, 1049 (1992); Lluch v. España Service Sta., 117 D.P.R. 729, 743 (1986).
El alcance del descubrimiento de prueba, según provisto por las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, es uno amplio y liberal. Rodríguez v. Syntex, 160 D.P.R. 364, 394 (2003); Rivera y otros v. Bco. Popular, 152 D.P.R. 140, 152 (2000); Aponte v. Sears Roebuck de P.R., Inc., supra; Lluch v. España Service Sta., supra. Su propósito es que aflore la verdad de lo ocurrido. Alvarado v. Alemañy, 157 D.P.R. 672, 682 (2002). Un amplio y liberal descubrimiento de prueba es la médula del esfuerzo de destruir de una vez y por todas la deportiva teoría de justicia. Alfonso Brú v. Trane Export, Inc., supra, a la pág. 167; Aponte v. Sears Roebuck de P.R., Inc., supra; Lluch v. España Service Sta., supra. Los pleitos judiciales no pueden continuar siendo una batalla de talentos entre los abogados, y las partes deben poner las cartas sobre la mesa antes del juicio. Ades v. Zalman, 115 D.P.R. 514, 517 (1984); Shell Co. (P.R.) Ltd. v. Tribunal de Distrito, 73 D.P.R. 451, 461 (1952).
Esta política de que el descubrimiento de prueba debe ser amplio y liberal, facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista cuestiones y hechos que en realidad son parte del litigio. Rodríguez v. Syntex, supra, a la pág. 394; Rivera y otros v. Bco. Popular, supra, a la pág. 152; Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959). El descubrimiento de prueba le permite a las partes precisar con exactitud las cuestiones en controversia y los hechos que deben probarse en el juicio, ya que en nuestro sistema procesal las alegaciones meramente notifican a grandes rasgos las reclamaciones y defensas de las partes. Rivera y otros v. Bco. Popular, supra, a las págs. 152-153; Sierra v. Tribunal Superior, supra, a la pág. 560. “La finalidad del descubrimiento de prueba es precisar las cuestiones en controversia; se trata de un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba. ” García Rivera et al. v. Enríquez, 153 D.P.R. 323, 333 (2001).
Hoy día se reconoce que la información poseída por las partes no es de su exclusiva propiedad. García Rivera et al. v. Enríquez, supra, a la pág. 332; Ades v. Zalman, supra, a la pág. 518. A través de los distintos mecanismos de descubrimiento de prueba pueden limitarse las cuestiones a dilucidarse y circunscribir la presentación de evidencia durante el juicio a aquellas en controversia u obtener evidencia adicional o información que sirva de pista para encontrarla. Ades v. Zalman, supra, a la pág. 518.
La Regla 23 de las de Procedimiento Civil, supra, regula lo concerniente al descubrimiento de prueba en los casos civiles. Alfonso Brú v. Trane Export, Inc., supra, a la pág. 167. En particular, la Regla 23.1, en su inciso (a) establece:

“a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que 
*1195
dicha información conduzca al descubrimiento de evidencia admisible. ”

Es decir, nuestro ordenamiento jurídico solamente establece dos limitaciones al descubrimiento de prueba: que la información objeto del descubrimiento no sea privilegiada, y que la materia que ha de descubrirse sea pertinente a la controversia. Alvarado v. Alemañy, supra, a la pág. 683; Alfonso Brú v. Trane Export, Inc., supra, a la pág. 167; Rivera y otros v. Bco. Popular, supra, a la pág. 153; Medina v. M.S. & D. Química P.R. Inc., supra, a las págs. 730-731.
En el caso de Rivera y otros v. Bco. Popular, supra, el Tribunal Supremo de Puerto Rico también se expresó en torno a otros intereses que se adelantan con el descubrimiento de prueba. Dicho Foro expresó que:
“Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea...Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso...No obstante, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventaja para ninguna de las partes. ” (Enfasis nuestro.)
En vista de lo anterior, la Regla 23.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.4, relativa al término para utilizar los mecanismos de descubrimiento de prueba, establece un plazo directivo de sesenta (60) días, a contar desde la notificación de la contestación de la demanda, para concluir las gestiones relacionadas con el descubrimiento de prueba.
Asimismo, en Lluch v. España Service Station, supra, a las págs. 742-743, el mencionado Alto Foro también se expresó en torno a la Regla 23.4 y su disposición de que, bajo algunas circunstancias, el juzgador puede acortar o prolongar el término de sesenta (60) días para culminar el descubrimiento de prueba. En dicho caso, el Tribunal Supremo de Puerto Rico hizo las siguientes expresiones:
“Al ejercer su discreción de prolongar o acortar el término para realizar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte, deberá garantizar la pronta solución de controversias, y de otra, velar porque las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento, deforma tal que en la vista en su fondo no surjan sorpresas. ” (Enfasis nuestro.)
De lo anterior puede colegirse que los tribunales de justicia tienen amplia discreción para acortar o extender el período del descubrimiento de prueba y que dicho proceso debe ser amplio y liberal. Aponte v. Sears Roebuck, supra. Para ello, deberán tomar en consideración distintos factores que requieren, en esencia, de un ejercicio de razonabilidad y balance de intereses que le corresponde ponderar en primer lugar a los tribunales de instancia.
La Regla 33 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 33., regula el requerimiento de admisiones como uno de esos mecanismos de descubrimiento de prueba en los procesos que se desarrollan ante los foros judiciales. En lo atinente al caso de autos, esta regla expresamente dispone que:
“(a) Requerimiento de admisión. [...] El requerimiento podrá notificarse, sin permiso del tribunal, al demandante, luego de comenzado el pleito y a cualquier otra parte luego de ser emplazado. Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales *1196 se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. [...]

(b) Efecto de la admisión. Cualquier admisión hecha de conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la misma. Sujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto, a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento. ”

Los Tribunales deben interpretar la Regla 33(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre requerimiento de admisiones, de forma flexible, que favorezca, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe ejercerse especial cuidado cuando se trate de una admisión tácita, esto es, por no contestarse el requerimiento dentro del término establecido para ello. Audiovisual Lang. v. Sist. Est. Natal Hnos. 144 D.P.R. 563 (1997).
El tribunal podrá permitir el retiro o la enmienda de una admisión si esto contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestre al tribunal que su retiro o enmienda afecta adversamente su reclamación o defensa. El tribunal ejercerá su facultad discrecional para permitir a una parte retirar o modificar una admisión según lo dispuesto en la Regla 37 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta regula las.enmiendas de una orden dictada en conferencia con antelación al juicio. Audiovisual Lang. v. Sist. Est. Natal Hnos. supra.
Las disposiciones de la Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre requerimiento de admisiones, son obligatorias. Esto significa que se requiere un cumplimiento sustancial de dichas disposiciones. No obstante, al igual que ocurre con cualquier otra regla procesal, al aplicarla o interpretarla, no se permite que consideraciones técnicas prevalezcan en detrimento de Injusticia sustancial. Las Reglas de Procedimiento Civil se deben interpretar de modo que garanticen una solución justa, rápida y económica de todo procedimiento. Audiovisual Lang. v. Sist. Est. Natal Hnos. supra.
A la luz de las normas jurídicas expuestas, pasamos a considerar el señalamiento de error planteado en el recurso ante nos.
IV
Mediante su primer señalamiento de error, los peticionarios aducen que el TPI incidió al permitir a la codemandada R-G que contestara, a su entender fuera de término, el requerimiento de admisiones que le fuera sometido el 2 de junio de 2006. Los peticionarios arguyen que la Regla 33 de las de Procedimiento Civil dispone que, transcurrido el término sin que se reciba contestación, los requerimientos quedan admitidos, automáticamente, sin necesidad de recurrir al tribunal.
Como hemos visto, el requerimiento de admisiones en cuestión fue notificado por los peticionarios a R-G el 2 de junio de 2006 y fue contestado por R-G, 34 días después, el 6 de julio de 2006. En ese entonces, la contestación al requerimiento de admisiones fue recibida por los peticionarios y éstos no presentaron objeción u oposición a la misma. Asimismo, en una deposición tomada el 4 de mayo de 2007, los peticionarios interrogaron a los oficiales de R-G utilizando las contestaciones sometidas y tampoco consignaron reparo alguno a las mismas. Estos esperaron más de un año, después de haber recibido tales contestaciones para *1197 entonces solicitar al TPI que se dieran por aceptados los requerimientos de admisiones y, por ende, no se tomaran en consideración las contestaciones dadas a los mismos por tardías.
De la propia Regla 33, supra, se desprende que el juzgador de hechos tiene amplia discreción para fijar un plazo distinto al de 20 días que provee la regla para el cumplimiento de lo allí intimado e, incluso, para descartar la previa admisión de las materias requeridas por la parte promovente del requerimiento de admisiones. El TPI, en el ejercicio de su discreción, está llamado a interpretar la Regla de forma flexible para favorecer que el conflicto se dilucide en los méritos sin permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. En el presente caso, permitir la admisión tácita solicitada por los peticionarios, luego de transcurrido un año de haber recibido las contestaciones a sus requerimientos, promovería que consideraciones técnicas prevalezcan en detrimento de la búsqueda de la verdad. Los peticionarios recibieron las contestaciones 14 días luego de haber vencido el término provisto en la Regla 33, supra, para contestarla. No obstante, los peticionarios no han establecido que dicho retraso les ocasionó perjuicio alguno. Estos recibieron y aceptaron dichas contestaciones sin objeción y, aproximadamente 9 meses después, utilizaron su contenido para interrogar oficiales de RG en las deposiciones tomadas en mayo de 2007.
Al examinar la orden emitida por el TPI, a la luz de las circunstancias particulares de este caso y el estado de derecho vigente, no podemos concluir que dicho foro abusó de su discreción al negarse a dar por admitidos los requerimientos de admisiones y, en su lugar, permitir que se aceptasen las contestaciones presentadas. La actuación judicial impugnada por los peticionarios no se aleja de manera irrazonable o arbitraria de los parámetros discrecionales imperantes. Como bien señala R-G, se trata de una tardanza de catorce días en la presentación de la contestación de un requerimiento de información. No se trata del incumplimiento irrazonable de un plazo que implique la extinción de un derecho o facultad. El retraso aludido no implicó perjuicio alguno a los peticionarios. En conclusión, dentro del marco de amplitud y liberalidad provisto por las Reglas de Procedimiento Civil para el descubrimiento de prueba, actuó correctamente el TPI al determinar que no procedía que se diera por admitido tácitamente el requerimiento de admisiones y se aceptara la contestación a los mismos. Por ello, entendemos que no se cometió el primer error señalado.
Mediante su segundo señalamiento de error, los peticionarios sostienen que el TPI erró al dar por terminado el descubrimiento de prueba sin que ellos hubiesen tenido la oportunidad de deponer a la codemandada Nancy Hernández. Arguyen que en el presente caso no existe razón en derecho para dar por terminado el descubrimiento de prueba. Les asiste la razón.
Como se sabe, el manejo de los casos por el tribunal de instancia es altamente discrecional. Esto incluye, de manera particular, la etapa de descubrimiento de prueba. No obstante, aunque el foro de instancia tiene amplia potestad para regular el descubrimiento de prueba y extender o acortar los plazos estipulados para su culminación, sus actuaciones no son inmunes de revisión apelativa. Es norma reiterada que este Foro podrá intervenir con una decisión interlocutoria del TPI cuando se demuestre que dicho foro cometió un craso abuso de discreción, actuó con prejuicio y parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o que nuestra intervención en esa etapa evitará un perjuicio sustancial. Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170, 181 (1992); Lluch v. España Service Sta., supra.
En el caso de autos, los peticionarios presentaron varias mociones solicitando al TPI que les asistiera y ordenara la toma de deposición a la codemandada Nancy Hernández. La negativa de dicha parte a ser depuesta, a pesar de los avisos que le fueron notificados, trasluce todo el expediente. Sin embargo, la respuesta del TPI a dichas solicitudes fue ordenar a las partes agotar esfuerzos para superar, por sí, tal controversia dentro del término concedido para el descubrimiento de prueba. En dicha orden, el TPI dispuso que su incumplimiento daría margen a la imposición de sanciones.
En cumplimiento con la referida orden, los peticionarios informaron al TPI de sus múltiples esfuerzos para *1198 reunirse con la representación legal de la codemandada Nancy Hernández y coordinar la fecha para la deposición de ésta, todos infructuosos. Ante la evidente negativa de Nancy Hernández a ser depuesta, el foro recurrido no emitió orden adicional alguna para que se tomara dicha deposición en fecha y lugar determinado. A pesar de la conducta asumida por la señora Hernández para evitar ser depuesta, nunca se le impusieron sanciones como fuera solicitado por los peticionarios. En su lugar, el TPI dio por terminado el descubrimiento de prueba privando a los peticionarios de la oportunidad de descubrir prueba pertinente. Por ello, cometió el segundo error señalado.
Debemos enfatizar que nada en el expediente indica falta de interés o dejadez de parte de los peticionarios en culminar su descubrimiento de prueba. Por el contrario, lo que se desprende del mismo es que éstos fueron diligentes en el trámite del descubrimiento de prueba y en tratar de deponer a la señora Hernández. 
y
Por los fundamentos antes expuestos, se expide el auto de certiorari solicitado, se confirma la orden emitida por el TPI el 21 de noviembre de 2007 y se revoca la orden emitida el 6 de diciembre de 2007. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria Interina del Tribunal.
Leda. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIO 2008 DTA 61
1. En su comparecencia, RG coincide con los peticionarios en cuanto a que el TPI erró al dar por finalizado el descubrimiento de prueba y acotó que la única razón por la cual no se ha depuesto a la señora Nancy Hernández es que ésta, a pesar de haber sido citada en “múltiples ocasiones” para la toma de su deposición, no ha comparecido.