# 2008 DTA 117

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL XI**

GULF INSURANCE COMPANY Y CERTAIN
UNDERWRITERS AT LLOYD'S OF LONDON
Peticionarios

v.

AUTORIDAD DE ENERGÍA ELÉCTRICA Y OTROS
Recurridos

Núm. KLCE-2008-00884

San Juan, Puerto Rico, a 24 de septiembre de 2008

Panel integrado por su Presidente, el Juez Rivera Martínez,
el Juez Colón Birriel y la Juez Jiménez Velázquez

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Gulf Insurance Company y Certain Underwriters at Lloyd's of London (en conjunto, las "*peticionarias*"), recurren de una **Resolución** del Tribunal de Primera Instancia, Sala de Ponce, Hon. William Pagán Rodríguez, Juez, de 20 de mayo de 2008, en el caso de *Gulf Insurance Company; Certain Underwriters at Lloyd's of London v. Autoridad de Energía Eléctrica y otros*, Civil Núm. JDP2004-0220, sobre: daños y perjuicios. Mediante el dictamen, notificado el 27 de ese mes y año, instancia acogió la *Moción en Oposición a Solicitud de las Demandantes de Orden Protectora respecto a Documentos y Materia Privilegiada* presentada por la Autoridad de Energía Eléctrica, Wackenhut de Puerto Rico, Sigari Corporation, General Electric Company, Seguros Triple S, Inc., Ing. Miguel Descartes y Ferraz Shawmut, Inc. y los terceros demandados Compañía de Fomento Industrial, Estado Libre Asociado de Puerto Rico (Cuerpo de Bomberos) y Saúl González González (en conjunto, los "*recurridos*"), requiriendo a las peticionarias la producción de ciertos documentos.

Oportunamente, las peticionarias solicitaron reconsideración, la que fue declarada **No Ha Lugar** el 17 de junio de 2008.

El 30 de junio de 2008, las peticionarias presentaron *Moción Solicitando Orden para la Presentación de Documentos...* Posteriormente, el 1 de julio de 2008, las peticionarias presentaron *Solicitud de Orden Provisional en Auxilio de Jurisdicción*.

Mediante *Resolución* de 1 de julio de 2008, concedimos a los recurridos hasta el lunes 7 de julio de 2008, para fijar su posición en torno al recurso.

Posteriormente, en atención a los escritos presentados, en *Resolución* de 3 de julio de 2008, concedimos a las peticionarias hasta el 8 de julio, para presentar, bajo sello, los documentos objeto de la controversia. Así también, en auxilio de nuestra jurisdicción, paralizamos los procedimientos ante el foro de instancia.

El 7 de julio de 2008, los recurridos presentaron *Moción en Cumplimiento de Orden*, oponiéndose a la expedición del recurso.

Finalmente, el 8 de julio de 2008, las peticionarias presentaron *Moción en Cumplimiento de Orden...* anejando, bajo sello, los documentos en controversia. Por su parte, el 17 de julio de 2008, las peticionarias presentaron *Réplica a Moción en Cumplimiento de Orden*.

Resolvemos con el beneficio de las comparecencias, el derecho y la jurisprudencia aplicable.

## II

Por un incendio que se registró en sus terrenos el 10 de junio de 2003, Aljoma Lumber, Inc. reclamó a su póliza de seguro, los daños ocasionados. Dicha póliza era la número 051-06-53 emitida por la co-peticionaria Gulf Insurance Company, mientras que el Certificado Núm. 41665 era emitido por la co-peticionaria Certain Underwriters at Lloyd's of London.

Como parte de la reclamación por pérdida hecha por Aljoma Lumber, Inc., las peticionarias encomendaron a su agente ajustador, Mathews, Matson & Kelly, (MMK) las gestiones de pago, ajuste y posterior subrogación. Como resultado de los ajustes realizados por MMK, el 10 de febrero de 2004, las peticionarias pagaron $6,925,000 a Aljoma Lumber, Inc. en concepto de compensación por la pérdida sufrida. Fue a partir de esta fecha, que comenzó el proceso de subrogación de las peticionarias, a través de la firma del *Insurance Settlement Agreement*.

Posteriormente, comenzaron las comunicaciones entre las peticionarias y MMK para auscultar la posibilidad de una demanda de subrogación, para lo cual designaron a la señora Sharron L. West para que les emitiera informes periódicos sobre el estado de la reclamación. Para cumplir con esa encomienda, la señora West utilizó a Beverly Miller y Shelby Myers, quienes formularon reportes a los empleados o agentes de la co-peticionaria Certain Underwriters at Lloyd's of London, Gordon P. Soanes, Graeme Sprowson, Nick P. Harris, Steve Newland y Les Wilton.

Durante el tiempo que duró el análisis sobre la posibilidad de entablar una demanda de subrogación, fueron varios los empleados, agentes y abogados que intervinieron en la toma de la decisión, por lo cual fueron muchos los documentos que se produjeron en ese período. Finalmente en el 2004, las peticionarias presentaron su reclamación de subrogación en daños y perjuicios contra los recurridos.

Luego de varios trámites procesales relacionados al descubrimiento de prueba, el 8 de mayo de 2008, las peticionarias presentaron *Moción Bajo Sello Sometiendo Documentos a la Consideración del Tribunal para Determinación de Existencia y Aplicabilidad de Privilegio*. En su escrito, las peticionarias solicitaron el auxilio del tribunal para proteger una serie de documentos que formaban parte del expediente de MMK, agente contratado por éstas para ajustar las reclamaciones contra ciertas pólizas de seguro, incluyendo la de Aljoma Lumber, Inc. En atención a ello, el 9 de mayo de 2008, los recurridos presentaron *Moción en Oposición a Solicitud de las Demandantes de Orden Protectora respecto a Documentos y Materia Privilegiada*. Adujeron que en el listado preparado por las peticionarias, para el cual solicitaban la orden protectora, existían documentos que no están cobijados por el privilegio abogado-cliente y/o por la doctrina de producto del trabajo del abogado. Además, alegaron que en aquellos documentos donde existiese materia privilegiada, se les ordenare a las peticionarias producirlos con las porciones debidamente ocultas.

Mediante **Resolución** de 20 de mayo de 2008, instancia acogió la *Moción en Oposición a Solicitud de las Demandantes de Orden Protectora respecto a Documentos y Materia Privilegiada* presentada por los recurridos y requirió a las peticionarias la producción de los documentos en controversia.

Inconformes con la determinación, el 10 de junio de 2008, las peticionarias presentaron solicitud de reconsideración, la cual fue declarada **No Ha Lugar**.

En desacuerdo con la determinación, el 26 de junio de 2008, las peticionarias presentaron su recurso de *certiorari*. En síntesis, adujeron que incidió el Tribunal de Primera Instancia al concluir que los documentos identificados por los recurridos no están cobijados bajo el privilegio abogado-cliente o bajo la doctrina de trabajo del abogado.

### III

Un sistema liberal de descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *García Rivera, et al. v. Enríquez*, 153 D.P.R. 323, 333 (2001); *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959).

Las Reglas de Procedimiento Civil en torno al descubrimiento de prueba están basadas en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda información relacionada con su caso, independientemente de quien la posea. En el ordenamiento civilista, el descubrimiento de prueba debe ser amplio y liberal, de forma que las partes puedan precisar con exactitud los hechos en la controversia, tomando en consideración que la demanda sólo notifica a grandes rasgos cuáles son las reclamaciones y defensas de las partes. *Rivera y otros v. Bco. Popular,* 152 D.P.R. 140, 152-153 (2000); *Ades v. Zalman*, 115 D.P.R. 514, 518 (1984); *Rivera Alejandro v. Algarín*, 112 D.P.R. 830, 834 (1982).

El descubrimiento de prueba coloca a las partes y al tribunal en posición de: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. R. Hernández Colón, *Derecho Procesal Civil*, Michie de P.R., 1997, § 2801, a la pág. 20.

La Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1(a), en cuanto al descubrimiento de prueba, dispone:

*"El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:*

*(a) En general.- Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."*

Al interpretar esta disposición, se ha establecido que nuestro ordenamiento procesal vigente, aunque permite un descubrimiento de prueba amplio y liberal, tiene dos limitaciones: (a) que la materia objeto del descubrimiento no sea privilegiada, de conformidad con los privilegios reconocidos en las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, Reglas 23-35; y (b) que la misma sea pertinente al asunto en controversia en el pleito. *Medina v. M. S. & D. Química de P.R., Inc.,* 135 D.P.R. 716, 730-731 (1994); *General Electric v. Concessionaires Inc.,* 118 D.P.R. 32, 38-39 (1986).

El concepto de pertinencia en torno al descubrimiento de prueba, es reconocidamente más amplio que el utilizado para resolver problemas de admisibilidad de prueba bajo las Reglas de Evidencia. Así, pues, para que

un objeto, documento u información sea objeto de descubrimiento, *basta conque exista una posibilidad razonable de relación con el asunto en controversia.* Esto no significa que el ámbito del descubrimiento de prueba sea ilimitado. El concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica. *General Electric*, 118 D.P.R., a la pág. 40.

Aun cuando la materia objeto del descubrimiento sea pertinente, el tribunal puede emitir órdenes dirigidas a proteger a las partes o a otras personas de hostigamiento, perturbación, opresión y gastos o molestias indebidas en el desarrollo del descubrimiento de prueba (órdenes protectoras bajo la Regla 23.2 de Procedimiento Civil). *Ortiz Rivera v. E.L.A., Nacional Ins. Co.,* 125 D.P.R. 65, 70-71 (1989).

El tribunal tiene amplia discreción para regular el procedimiento, con miras a garantizar una solución rápida y económica del caso, sin ventajas para ninguna de las partes. Como regla general, el concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *General Electric*, 118 D.P.R., a la pág. 40. No obstante, ello no significa que el ámbito del descubrimiento de prueba sea ilimitado y excepto en circunstancias excepcionales y únicas los tribunales no pueden prohibir el uso del descubrimiento de prueba. Claro está, ello no afecta la facultad de regular su extensión en orden a objeciones de onerosidad, opresión, privilegio u otras razones válidas. *Machado Maldonado v. Barranco Colón*, 119 D.P.R. 563, 566 (1987). En resumen, se extiende el examen y descubrimiento a toda materia pertinente, no privilegiada, y que no sea *"producto de su trabajo (work product)".*

En cuanto a lo que constituye materia privilegiada, nos referimos exclusivamente a los privilegios reconocidos por las reglas de evidencia. *Rivera Alejandro*, 112 D.P.R., a la pág. 833. Uno de los privilegios más antiguos es el de abogado-cliente. Este tiene su base estatutaria en la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV, R. 25, y consiste en rehusar revelar o en impedir que otro revele una comunicación confidencial habida entre un abogado y su cliente en relación a alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquéllas que sea necesario para llevar a efecto los propósitos de la comunicación.

Queda claro, entonces, que el fin que persigue el privilegio abogado-cliente es el de fomentar que las comunicaciones habidas dentro de esa relación puedan ser desarrolladas en la confianza de que no serán divulgadas a terceras personas, lo que permite a su vez que el abogado obtenga toda la información necesaria para dar una adecuada representación.

Esta especial relación tiene además una dimensión y un fundamento ético. *Ades,* 115 D.P.R., a la pág. 520. El mismo queda recogido en el Canon 21 de Ética Profesional, el cual dispone que *"[e]l abogado tiene para con su cliente un deber de lealtad completa... La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación... Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste...".* 4 L.P.R.A. Ap. IX, C. 21. Así pues, la conversación habida en la relación abogado-cliente, está protegida tanto por el privilegio abogado-cliente, como por el Canon 21 de Ética Profesional.

No obstante, la propia Regla 25 de Evidencia establece algunas excepciones en las que el privilegio no podrá ser invocado, lo que nos deja establecido claramente que el mismo no es absoluto. Así, por ejemplo, no existe el privilegio abogado-cliente cuando los servicios del abogado fueron solicitados u obtenidos para permitir o ayudar a cualquier persona a cometer o planear la comisión de un delito, un acto torticero o un fraude, Regla 25 (C) (1) de Evidencia. Este privilegio, como todos los demás, puede ser válidamente renunciado.

La Regla 25 de Evidencia define cliente, para efectos de la misma, como la *"persona natural o jurídica*

*que, directamente o a través de representante autorizado, consulta a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional...".* Es meridianamente claro que de la citada disposición surge que dentro de la definición de cliente están incluidas tanto las personas naturales como las jurídicas; la misma no limita la aplicación del privilegio abogado-cliente a las personas jurídicas solamente.

No hemos encontrado norma legal o jurisprudencial alguna que requiera probar la existencia jurídica de una compañía, entidad o sociedad para que ésta pueda levantar el privilegio abogado-cliente ante la amenaza de que una comunicación confidencial habida entre ésta y su abogado, en relación a alguna gestión profesional, vaya a ser revelada. Por otra parte, es incuestionable el hecho de que una persona natural está cobijada bajo el aludido privilegio al igual que lo están las corporaciones y le asiste igual derecho de rehusar revelar o impedir que otra persona revele una comunicación confidencial hecha a su abogado en la confianza de que la misma no será revelada a terceras personas. Las peticionarias en este caso son personas jurídicas, por cuanto, le es de aplicación el privilegio.

Nuestro Tribunal Supremo ha señalado que una comunicación debe estar protegida por el privilegio abogado-cliente, si además de haberse entablado entre las personas que señala la regla, cumple con los siguientes cuatro (4) requisitos:

*"1. la comunicación se hace dentro de un marco de expectativa de confidencialidad;*

*2. la confidencialidad es un elemento esencial en el mantenimiento de la relación entre las partes;*

*3. la relación es reconocida socialmente como merecedora de ser protegida; y*

*4. el menoscabo de la relación por el descubrimiento de las comunicaciones sería mayor que el beneficio que representaría su divulgación."* J. H. Wigmore, Wigmore on Evidence, Toronto, Little, Brown and Company, Vol. VIII, § 2285, a la pág. 527 (revisado por J. T. McNaughton, 1961).

En síntesis, si una comunicación entre un abogado y un cliente cumple con estos cuatros criterios, ésta debe estar protegida por el privilegio abogado-cliente, ya que así se promueven los intereses tutelados por la regla de exclusión. *Autopistas P.R. v. A.C.T.,* Op. de 17 de marzo de 2006, **2006 JTS 50**.

Cuando una de las partes invoca la aplicación de un privilegio a una comunicación, el tribunal de instancia debe examinar el documento para el que se invoca el privilegio antes de resolver si el mismo está protegido por el privilegio. Esta es la situación cuando se trata del privilegio abogado-cliente. *U.S. v. Zolin,* 491 US 554, 109 S.Ct. 2619 (1989); *Haines v. Liggett Group Inc.,* 975 F.2d 81, 96-97 (1992).

Sin embargo, diferimos con el foro de instancia al resolver que las peticionarias no lograron demostrar la existencia de una relación abogado-cliente entre ellas y MMK, en virtud de la cual pueda invocar un privilegio. Una norma ampliamente reconocida es que quien invoca el privilegio viene obligado a establecer los elementos del mismo de manera específica. En sus escritos, las peticionarias hacen acopio de varias citas y disposiciones legales referentes al privilegio abogado-cliente. Hacen referencia a la normativa y jurisprudencia federal, en apoyo a su reclamo y contienen hechos o planteamientos específicos que establecen su alegación. Como prueba documental presentada por las peticionarias, incluyeron una declaración jurada de la señora West, agente de MMK, con referencia a hechos específicos o demostrativos de la existencia de una relación profesional. Por lo tanto, concluimos que no actuó correctamente el tribunal al ordenar a las peticionarias a proveer todos los documentos en controversia.

Ahora bien, de los autos del caso no se desprende que el foro recurrido haya tenido la oportunidad de examinar con detenimiento el contenido de cada uno de los documentos en controversia y el contexto en que se prepararon, para determinar si en efecto se trata de un asesoramiento y consejería de un abogado para que las peticionarias tomaran una decisión, como resultado de una investigación y evaluación legal. **Dicho tribunal no celebró una vista ni evaluó concienzudamente los documentos.** Ejemplo de ello, es que documentos suscritos por personas ajenas al pleito, y en cuanto a otras reclamaciones, que nada tienen que ver con la controversia, han sido incluidos, pudiendo crear una situación de violación a la información confidencial o privilegiada de los involucrados, quienes no son parte en la reclamación. Resulta pues necesario que se le permita a dicho foro tener la oportunidad de considerar las circunstancias en las que se preparó cada documento y determinar si éste cumple con los criterios esbozados por nuestra jurisprudencia para que se honre el privilegio o determinar si la información que se busca descubrir a través de esos escritos es susceptible de ser obtenida a través de otros medios. *Ades,* 115 D.P.R., a la pág. 524.

En el caso de *Ward v. Tribunal Superior,* 101 D.P.R. 865 (1974), se abordó el interesante tema del privilegio abogado-cliente en relación con el informe rendido por un asegurado a la aseguradora a través del ajustador. En ese caso se resolvió que dicha comunicación no es privilegiada. Asimismo, se aludió a que las declaraciones de testigos, informes, memorandos y otros escritos tomados por, o que estén en custodia de la compañía aseguradora están sujetos al descubrimiento. *Ibíd.* pág. 870.

En ese mismo plano nos comenta un conocido estudioso de nuestras reglas de procedimiento civil: *"[l]o único que no es descubrible es la impresión mental o conclusiones del ajustador, ya que se considera a los investigadores y agentes de reclamaciones bajo el término de 'representante de parte' a los fines de la Regla 23.1 (b) de Procedimiento Civil".* J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Tomo 1, San Juan, **Publicaciones J.T.S.,** 2000, a la pág. 477. De tal modo, la impresión mental del ajustador o investigador, sus conclusiones y opiniones sobre las personas entrevistadas y sus testimonios, adquieren inmunidad al descubrimiento. Como ocurre con muchos de los documentos que se acompañaron, bajo sello, a este tribunal.

De otra parte, la búsqueda de la verdad constituye la razón principal de nuestro sistema legal adversativo. En la medida que el privilegio abogado-cliente tienda a impedir su descubrimiento, debe ser interpretado de forma estricta y restringida. *Ward,* 101 D.P.R., a la pág. 867.

Analizamos ahora lo referente al *"work product"* del abogado, que también tiene garantía de inmunidad al descubrimiento. Para ello acudimos a la fuente primaria, *i.e.,* la Regla 23.1 de Procedimiento Civil. El referido precepto proviene de la Regla 26(b)(3) federal. De acuerdo a esta última, corolario de lo resuelto por el Tribunal Supremo federal en *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (1947), los documentos preparados en anticipación a la litigación, o para el juicio, por o para otra parte, o para el representante de esa otra parte, pueden ser obtenidos por descubrimiento, solamente si se demuestra que la parte que los interesa por ese medio, tiene una necesidad sustancial del material para la preparación de su caso y obtenerlos por otros medios constituiría un gravamen opresivo. Regla 26(b)(3) federal, traducción nuestra. La disposición adicionalmente provee para que el tribunal también proteja del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso del abogado o de cualquier otro representante de una parte.

De tal forma, la regla federal contempla dos clases de *"work product":* (1) la información que obtiene el ajustador o investigador, sin refinar, y (2) las impresiones mentales, conclusiones, opiniones y teorías legales del abogado y de cualquier otro representante de una parte que incluye al ajustador de una aseguradora y/o su investigador.

Al adoptarse la Regla 23.1(b) nuestra, a través del inciso *"(b)"* se eliminó el requisito incluido en su contraparte federal consistente en tener que demostrar necesidad sustancial de descubrir el material, así también,

la dificultad de obtenerlo por otros medios por constituir un gravamen oneroso impuesto al que requiere el descubrimiento. Véase, comentarios de la Regla 23.1(b); *Cf., Rosado v. Tribunal Superior*, 94 D.P.R. 122, 129-130 (1967). Se conservó, sin embargo, como fuera del alcance del descubrimiento, lo relacionado con las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, ya sean del abogado o de cualquier otro representante de una parte.

Es decir, las aseguradoras en Puerto Rico, de conformidad con lo establecido en la Regla 23.1(b), no pueden negarse a suplir los informes que le rindan sus ajustadores o investigadores, incluyendo abogados, amparándose únicamente en que constituyen *"work product"* exento de descubrirse por haberse preparado en contemplación a un litigio. En ese mismo plano, pueden negar acceso a toda aquella documentación, objetos y otra prueba, independientemente que hayan sido obtenidas en preparación para el juicio, o para el juicio, que constituyan impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso obtenidas de su abogado o de cualquier otro representante suyo como parte.

Con esos principios en mente, veamos el panorama factual que promueve el presente recurso.

Los hechos que generan esta controversia ocurrieron el 10 de junio de 2003. Surge que el informe solicitado fue preparado por un ajustador independiente contratado por la compañía aseguradora. La investigación fue conducida por MMK. La demanda de las peticionarias fue presentada en el 2004. Las peticionarias son personas jurídicas, por lo cual para hacer negocios operan por conducto de múltiples agentes, ya sean personas jurídicas o naturales. Estas personas o agentes califican perfectamente en la definición de cliente provista por la Regla 25 de Evidencia. De igual modo, las conversaciones y documentos que éstas produjeron para tomar la decisión de presentar la reclamación de autos, constituyen una gestión profesional para efectos de la citada regla.

No hay controversia en cuanto a que las aseguradoras co-peticionarias contrataron los servicios de MMK, quien le rindió un informe antes de que se presentara la demanda. Está claro que el ajustador tiene agentes y abogados que fueron consultados con el propósito de contratarle u obtener servicios legales o consejo en su capacidad profesional, a quienes se les comunican hechos o eventos relacionados con su gestión profesional de forma confidencial con el entendido de que la comunicación no será divulgada. Conforme a lo anterior, acogemos la tesis de las peticionarias, pues el Tribunal de Primera Instancia incidió al resolver que bajo las circunstancias atinentes, los documentos en controversia pueden ser objeto de descubrimiento de prueba.

Huelga decir que algunos de los documentos en controversia incluyen impresiones mentales del ajustador, a los fines de armonizar el derecho de las recurridas a descubrir la información, con el reclamo de las peticionarias de proteger las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso (*"opinion work product"*), compete, pues, al Tribunal de Primera Instancia realizar ese ejercicio. A esos fines, llevará a cabo una inspección de los documentos en cámara, sin la presencia de las partes, examinará y excluirá lo que de su inspección surja que se refiere a las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso consignada en el documento por el ajustador. Deberá en ese trámite implantar el mecanismo apropiado que permita a las recurridas, de tal forma, conocer la información descubrible omitiéndose aquélla privilegiada.

En mérito de lo expuesto, expedimos el auto solicitado por las peticionarias. En consecuencia, revocamos el dictamen recurrido y ordenamos al Tribunal de Primera Instancia, Sala de Ponce, proceder conforme a lo expuesto, es decir, examinar los documentos presentados bajo sello y especificar cuáles de ellos, si alguno, cualifican o no como confidenciales, así como cuáles son privilegiados por ser producto del trabajo del abogado.

Notifíquese inmediatamente por telefax y correo ordinario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones